Joseph Guta v. The Lake Shore & Michigan South-
ern Railway Company.

*Negligence—Injury at railroad crossing—Contributory negligence.*

In this case it is held that the plaintiff was guilty of contributory negligence in attempting to cross a railroad track without looking to see if a train was approaching, his opportunities for seeing the train being as good as those of witnesses who saw plaintiff drive upon the track, when the train was approaching, as if it were not coming.

Error to Wayne. (Brevoort, J.) Argued May 15, 1890. Decided June 6, 1890.

| 81 | 291 |
| 90 | 598 |
| 90 | 620 |
| 81 | 291 |
| f121 | 586 |
| 81 | 291 |
| s45ᴺᵂ | 821 |
| 129 | 484 |
| 81 | 291 |
| ,157 | 166 |

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edwin F. Conely*, for appellant.

*A. C. Angell*, for defendant.

CHAMPLIN, C. J. On May 1, 1888, Joseph Guta, the above plaintiff, about 10 o'clock in the forenoon, attempted to drive across the defendant's railroad, and was run into by the engine of a passenger train. His horses were killed, his wagon broken, and himself severely injured.

The accident occurred at the crossing of Willis avenue. Guta lived a short distance from this crossing, upon Willis avenue. He had resided there about 10 years. He was a teamster, and was familiar with the crossing, and the dangers attending it from passing trains. Ten or twelve passenger and many freight trains pass over the road at this point daily. The railroad runs for a considerable distance upon a line which is north and south; and Willis avenue, east and west. The next street crossing the railroad north, and parallel with Willis avenue, is Fremont street. Between this avenue and Fremont street is an alley, through which the plaintiff drives in going to and from his barn. This alley terminates in an open field or lot lying upon the east side of the railroad, and it had been the custom of Guta to drive down this alley west to the open lot, and then south to Willis avenue. At the point where this alley comes to the open lot, a view of the railroad is had, both to the north and south, for a considerable distance.

On the morning stated, Guta drove his team, hitched to a lumber wagon, in which he was riding, west on the alley to the open lot. He then, as he says, looked north, and saw no train. He turned and drove to Willis avenue, a distance of something more than 100 feet; and

as he turned south he saw an engine upon the railroad, coming towards him, about 3 blocks away. It stopped and backed upon a crossing. He then turned his horses west on Willis avenue, and, without looking to the north to see if a train was approaching from that direction, drove upon the track directly in front of a passenger train coming from the north. The result was as above stated. About 80 feet west from the crossing is a building occupied as a saloon. Two persons, who were witnesses for the plaintiff, had driven to the front of this saloon, saw the train approaching from the north, and also saw the accident.

The plaintiff did not look or listen for a train from the north. Had he done either, he must have been aware of its approach. It would seem that nothing but the utmost indifference to his surroundings prompted him, in such a dangerous place, to cross the track. It is urged upon us that this was a case of distracted attention; that the engine approaching from the south had called his attention in that direction; and that, upon a single track, he would not exepect another train to be going in an opposite direction. But he had seen the engine stop, back, and take a side track, which would give rise to an inference, to any one familiar with railroads and their surroundings, that probably another train would soon pass upon the main track. At any rate, it had ceased to be a source of anxiety in that direction; and common prudence would have required him, before hazarding a crossing, at least to turn his eyes to the right, to see if another train was approaching.

Our attention is called to the case of *Breckenfelder v. Railway Co.*, 79 Mich. 560, as showing that the question of plaintiff's negligence should have been submitted to the jury. That was a close case, upon the facts, whether the deceased was not guilty of contributory negligence.

It was not clear from doubt, and in such cases the question should be submitted to a jury. But the facts in that case were quite different from this. In that case the engine and cars had passed plaintiff's intestate, and he stepped upon the crossing directly in the rear as soon as they had passed, and other cars were following in the same direction, which had been detached, propelled by their own momentum; and the natural inference would be that as soon as the train had passed a person could safely cross the track. Here there was nothing to lead to such an inference.

There could be no plainer instance than the facts of this case disclose of reckless rushing into danger. Two persons on the west side of the track, upon Willis avenue, saw the train approaching, and their view and opportunities for seeing the train were no better than Guta's; and they saw Guta drive upon the track as if no train were coming. We think the circuit judge was right in holding that no recovery could be had, on account of the contributory negligence of plaintiff.

Judgment affirmed.

The other Justices concurred.