## Patrick Mulligan *vs.* Charles Curtis.

In an action by an infant, to recover for injuries caused by being run over by the defendant in a street in Boston, evidence offered by the plaintifl tended to show, that the plaintiff three and a half years old, was sent, by his mother, with his brother, nine years old, a short distance from home for some wood; that the plaintiff took some wood on his arm, and the brother took some in a basket; that they started across a street, the plaintiff being about ten feet in front of his brother; and that, while thus crossing, the plaintiff was negligently run over by the defendant. *Held*, that a ruling that this evidence dis- closed such negligence on the part of the plaintiff's mother and brother as to prevent the plaintiff's recovery against the defendant, was incorrect.

Tort brought by the plaintiff, who was a minor, by his father, as next friend, against the defendant for the alleged carelessness

of the defendant's agent, in so negligently driving a horse attached to a milk cart, through Beach Street, in Boston, that the plaintiff was run over, and seriously injured.

At the trial in the superior court, before *Morton*, J., the plaintiff offered evidence tending to show that the plaintiff was at the time of the injury aged three and a half years; that his mother sent him with his brother, aged nine years, a short distance from his home to a wood-yard for some wood; that the two boys went to the yard and procured the wood; that the plaintiff took some wood on his arm and the older boy had the wood in a basket; that they started across Beach Street, the plaintiff being about ten feet in front of his brother; that when the plaintiff had reached about the middle of the street, the defendant's team was seen coming towards the plaintiff, about fifteen feet distant; at which time the reins were hanging from a hook in the top of the wagon; that the driver did not have hold of them, but was turned around looking into the back part of the wagon, playing with two little girls who were there; that at this point a witness, who had seen the children going across the street, first saw the wagon, and shouted to the driver not to run over the child; that the driver did not heed the caution, and did not turn his head, whereupon the witness ran over and seized the horse and stopped him; that when the horse stopped, the plaintiff was at the hind end of the cart, on the ground; and that the plaintiff was taken up and carried away.

On this evidence, the presiding judge said, that, in his opinion, there was want of due care on the part of the plaintiff's mother, in sending a child of such tender years on such an errand, although he was sent in company of an older brother of nine years of age : and ruled, that, even if the mother could be regarded as using due care in intrusting the plaintiff to the care of his older brother, the evidence disclosed want of care on the part of this older brother, to whom the plaintiff had been intrusted, and directed the jury to return a verdict for the defendant; to which ruling the plaintiff excepted.

*N. St. J. Green*, for the plaintiff.

*T. M. Hayes*, for the defendant.

HOAR, J.   We understand from the bill of exceptions, that a verdict was ordered in favor of the defendant at the trial, on the ground that the evidence did not show that due care was exercised at the time of the accident, either by the infant plaintiff or by those who had the legal responsibility for his safety.   But upon a careful consideration of the evidence reported, we are of opinion that this was a question for the jury, and that the evidence should have been submitted to them with proper instructions.

The plaintiff was but three and a half years old, and therefore hardly old enough to be trusted in the street by himself without some care or supervision.   But he was accompanied by, and was in charge of, an elder brother, a boy of nine years, and, at the time when he was run over, was crossing the street directly before him, and within ten feet of him.   He was therefore directly in sight, and almost within reach of the brother; and we cannot say as a matter of law, or rather as a matter of fact so obvious and indisputable that it must necessarily be assumed as the basis of argument, that a boy nine years old is not possessed of sufficient discretion to see and know when a little child might attempt to cross the street with a reasonable prospect of safety.   It might depend upon the state of the street, and the travel upon it, upon the width of the street, and the distance of an approaching carriage, whether the attempt would be so perilous as to be careless.   Nothing is reported upon these points.   If the elder boy was looking out for the younger, and there was reason to think, at the time he allowed him to cross over, that he might get across safely, unless by reason of improper and negligent conduct on the part of others, and he was then injured by the reckless driving or negligence of the defendant, there would seem to be no legal reason why the plaintiff should not receive compensation for the injury.   It is undoubtedly true that more care might have prevented the accident. But little children have a right to go into the streets of a city for air and exercise, and, if reasonabe provision is made foi their safety, are under the protection of the law against wrongdoers who disregard their rights.   Whether the provision made

**for** the care of the plaintiff was reasonable under the circumstances, and whether reasonable care was taken of him, must be left for a jury to determine. We cannot say judicially that it was not. *Exceptions sustained.*