## EDMUND LYNCH *vs.* HENRY SMITH.

In an action against a hackman for negligently driving horses over a child four years and seven months old and of the average ability and intelligence of children of the age of five years attending the public schools, who was crossing a street on his way home from school at the time of the accident, the question whether the child's parents were negligent in permitting him to return from school alone, and in so doing to cross the street at the time when and place where he was injured, is for the jury.

On the issue whether a child four years and seven months old, and " as intelligert as the average of children in his school five years of age, but rather small for that age ' who in

crossing a street on his way home from school suffered an injury by the negligence of another traveller, was using due care when he was injured, the opinion of his schoolteacher as to his capacity to exercise such care is inadmissible in evidence.

If the parents of a child were not negligent in permitting him to cross a street alone, and while crossing he was injured by the negligence of another traveller, it is sufficient to entitle him to recover for the injury, if he was using that degree of care of which he was capable, though a less degree than would be appropriate for an adult to use under like circumstances; and, even if his parents were negligent in permitting him to cross the street alone, their negligence was not contributory, and he may recover, if in crossing he did no act which prudence would have forbidden and omitted no act which prudence would have dictated, whatever was his physical or intellectual capacity.

TORT in the plaintiff's name by his next friend for injuries alleged to have been caused on December 3, 1866, by the negligence of the defendant's servant in driving a pair of horses, drawing a hack, over the plaintiff, who at the time of the accident was crossing Henly Street in Charlestown and using due care. The answer denied that the driver was negligent, and that the plaintiff used due care.

At the trial in the superior court, before *Brigham*, J., the plaintiff's evidence tended to show that he was born May 2, 1862; lived in Chelsea Place in Charlestown; was admitted to a primary school on Common Street in that city November 20, 1866, as being five years old, children younger than five years old not being admissible by the regulations of the school; that between the date of his admission and December 3 he had attended school "a little over a week;" that two of his brothers, aged respectively seven and nine years, who were pupils in the same school, usually came to the school-room with him, and usually left the school-room with him; "that the plaintiff was as intelligent as the average of children in the school five years of age, but rather small for that age;" that he attended the school on the morning of December 3, and upon its dismissal started to go home by his usual and proper route, across Henly Street, which was not one of the principal thoroughfares of the city, but was about thirty feet wide from curbstone to curbstone of its sidewalks, was traversed by a horse railroad, and would belong to the third class of streets in a scale of four; and that, as the plaintiff was passing (some of the witnesses said, running) across Henly Street, about ten minutes past noon, the

defendant's servant, who was conveying some voters to the polls in a hack drawn by two horses, and for some distance before reaching the place where the plaintiff was crossing the street, was not looking forwards, but had his head turned away from the horses and was talking with a man who was on the box of the hack with him, drove over the plaintiff and injured him. " There was no evidence offered on the part of the plaintiff, that, on the day of his injury, he was attended by either of his brotners, or by any other person, either in going to or returning from school; and there was no evidence on the part of the defendant tending to disprove the evidence of the plaintiff in respect to the age of the plaintiff or his intelligence, or the usual mode of his going to and from school."

The plaintiff called his school-teacher, Sarah Browers, as a witness, " and offered to show by her, and by others, that, in her and their opinion, the plaintiff was capable of exercising ordinary care in travelling along and across the streets through which he was called to pass in going to and returning from school, and was competent to go to and from school unattended; but the judge ruled the testimony incompetent and inadmissible, and refused to receive it."

The plaintiff's counsel requested the judge to rule " that the plaintiff, being four years and seven months old, and of the ability and intelligence of the average of children attending the public schools of the age of five years, his parents were not guilty of negligence in permitting him to go from his home to school alone, and to return home from school alone, and in so doing to cross Henly Street at the time when and place where he was when he was run over by the defendant's servant;" but the judge refused so to rule.

In submitting the case to the jury, the judge gave them these instructions without objection: " Parents would neglect the safety of their child, who, knowing that their child was proceeding to a place of danger in the street, failed to prevent, or permitted, their child to proceed to such places unprotected. It has been decided in this Commonwealth that parents, who permitted a child two years old to pass unattended across a public

street in a city, traversed by a horse railroad, had *primâ facie* neglected the safety and failed in proper care of that child Such facts, in and of themselves, are sufficient to authorize a jury to find that such a child is not properly taken care of by tnose having such child in charge. The plaintiff was a child of the age of four years and seven months, permitted to go to and from school across the street where he received his injury. Was he of so tender an age as to be incapable of taking care of himself, in view of the time when he would usually cross Henly Street, and in view of the usual and ordinary kind and amount of travel on that street? If the plaintiff, in the exercise of his right of crossing the street, when capable of exercising and actually exercising ordinary care, in crossing that street received an injury from the defendant's hack and horses because they were not driven with ordinary care, he would be entitled to recover."

But the plaintiff objected to the following instructions which the judge also gave to the jury: " The negligence of a parent, or other person, to whose care a child is intrusted, has the same effect, upon an action to recover damages for an injury occasioned by another person to that child, which his own want of care would have if the person injured and such seeking damages was an adult. If that child was incapable of taking care of himself under the circumstances, that is, incapable of observing, appreciating and anticipating the danger from passing vehicles, and of avoiding it, by the exercise of such care as an adult person of ordinary prudence and caution would exercise, then his parents were chargeable with neglect in permitting him to cross that street unattended, and he cannot maintain this action. The defendant had a right to drive his horses along Henly Street; the plaintiff had as perfect a right to cross that street. The defendant in the exercise of his right would not be responsible for an injury to a person crossing that street, who was incapable of exercising, or who did not exercise, ordinary care."

The jury found for the defendant, and the plaintiff alleged exceptions, 1. to the rejection of the evidence of opinions of the plaintiff's capacity to exercise due care; 2. to the refusal to rule

that the plaintiff's parents were not negligent; and 3. to the in-
structions stated as given under objection.

*J. F. Pickering*, for the plaintiff.

*C. J. McIntire*, for the defendant.

CHAPMAN, C. J.   The plaintiff's declaration alleges that the
defendant was driving a hack drawn by a pair of horses, in and
along Henly Street in Charlestown, by his servant, and care-
lessly ran over the plaintiff, (who was crossing the street and
using due care,) and injured him.   The answer puts these alle-
gations in issue.

It appeared in evidence that the plaintiff was a child four
years and seven months old, and of the ability and intelligence
of the average of children attending the public schools of the
age of five years, and was attending the common school.   He
was crossing the street on his way home from school when the
accident happened.   The plaintiff's counsel requested the court
to instruct the jury, that, the child being of the age and capac-
ity stated above, his parents were not guilty of negligence in
permitting him to go from his home to school alone, and to re-
turn alone, and in doing so to cross Henly Street at the time
when and the place where he was run over by the defendant's
servant; and he excepts to the refusal of the judge to make
this ruling.   But the judge properly left this matter to the jury.
It is true that streets and highways are made for the use of all
travellers, school children as well as others; but in an action for
damages by one traveller against another, brought on the ground
that the plaintiff used due care, and that he was injured by the
negligent conduct of the defendant, it must appear that he, or
some one on his behalf, used due care, and that his own want
of care did not contribute to the injury.   Some of the cases on
this point are referred to in *Steele* v. *Burkhardt, post,* 59.

The question, whether a child like the plaintiff is of such ca-
pacity that he may be safely trusted to go to and from school
alone, is one of fact, and not of law.   Its importance arises
from the necessity that exists, in an action like this, to prove
the due care that he alleges.   In an action for a wilful assault
and battery in the street, it would be immaterial.   But in an

action for negligence, either the plaintiff, or some one on his be-half, must use due care, so that his own negligence shall not have contributed directly to the injury. On this point, the testi-mony of the school-teacher, merely expressing her opinion of the capacity of the child, was properly excluded. Yet, in connec-tion with a description of the child, an opinion of a person ac-quainted with him, and having had opportunity to observe him, as to his quickness of observation and comprehension, as com-pared with other persons, would be admissible. The statement of such an opinion, as to whether he was physically large or small, strong or weak, and quick or slow of movement, in com-parison with others, would be according to every day's practice; and when it related to the exhibition of mental qualities, it would be of the same species. There is a class of evidence of this character which necessarily involves the statement of opin-ion. We have had occasion to consider it recently in *Common-wealth* v. *Dorsey*, 103 Mass. 412.

If the jury find that the plaintiff was of such capacity that he was in the street without negligence, either on the part of himself or his parents, then the question arises what degree of care he was bound to exercise. In *Mulligan* v. *Curtis*, 100 Mass. 512, it was held to be a question for the jury, whether a boy three and a half years old might not without negligence be trusted to go across the street, accompanied by his brother nine years old. Certainly the jury could not find that a boy nine years old must exercise the capacity of an adult. But it was implied that, if it was proper for him to be there, it was only necessary for him to exercise such capacity as he had. School children who are properly sent to school unattended must use such reasonable care as school children can. It must be rea-sonable care adapted to the circumstances, or, in other words, he ordinary care of school children.

It does not necessarily follow, because a parent negligently suffers a child of tender age to cross a street, that therefore the child cannot recover. If the child, without being able to exer-cise any judgment in regard to the matter, yet does no act which prudence would forbid, and omits no act that prudence

would dictate, there has been no negligence which was directly contributory to the injury. The negligence of the parent in such a case would be remote. But if the child has not acted as reasonable care adapted to the circumstances of the case would dictate, and the parent has also negligently suffered him to be there, both these facts concurring constitute negligence which directly and immediately contributes to the injury, for which the defendant ought not to be required to make compensation.

This principle was illustrated in *Munn* v. *Reed,* 4 Allen, 431. The plaintiff, a small child, was bitten by a dog. It is true that the liability of the owner was by statute. Gen. Sts. *c.* 88, § 59. But the question of negligence arose, and it was held that, if the mother of the child was not guilty of negligence in permitting the child to play with the dog, and if the child was bitten while using such care as is usual with children of its age, the action might be maintained. But this principle is inconsistent with the idea that the child must use the discretion of an adult. The instructions which were given to the jury in this case required a higher degree of care than the decided cases sanction ; and regard is also to be had to the question whether the negligence of the plaintiff contributed to the injury. If the negligence of the child contributed to his being in the way of the defendant's horses, it contributed to the injury ; but negligence which had no such effect would be immaterial. *Steele* v. *Burkhardt, post,* 59.

*First and second exceptions overruled ; third exception sustained.*