MICHAEL GIBBONS, administrator, *vs.* JULIUS WILLIAMS.

Bristol. Oct. 25, 1882. — Sept. 10, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A child, nineteen months old, strayed from its home into an adjoining highway, and was injured by being run over. *Held,* in an action for such injury, that the fact that the child was in the highway unattended was *prima facie,* but not conclusive, evidence of contributory negligence on the part of the person in whose charge it was.

TORT, for personal injuries occasioned to the plaintiff's intestate, a child nineteen months old, by being run over by an ice-cart, driven by the defendant's servant, in a public highway in Taunton. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions in substance as follows:

The plaintiff introduced evidence tending to show that his house was within thirty or forty feet of the highway, with no fence separating it therefrom; that the highway was about a mile from the Court House, was well built and considerably travelled; that it was about forty feet wide, without any distinctive lines of sidewalk; that there were no houses within three or four hundred feet of the plaintiff's house; that the line of travel was in about the centre of the way; that the child was alone in the road about ten feet out from the sidewalk and unattended; that the child had been left for a few moments by the mother, who had the care of it, in the front room of the house, where were another child, some ten years of age, and a neighbor, then making a call at the house; that the mother stepped into the next room to do some work about her supper; that in the course of five or six minutes she went to the front door, which had been left open, the door from the front room into the entry having been also left open, looked out, and saw her child lying in the road, about ten feet from the line of the highway, and making some attempt to get up; that she ran to the child, took it up, and found the child to be badly injured; that at the time the child was lifted up, she saw the defendant's ice-cart about one hundred and fifty feet up the road; that her daughter ran after the ice-cart, and told the driver he had run over her

little sister; that the driver was then reading a newspaper, and the reins were hitched up to the cart over the driver's head, passing down through the driver's hands, and the horses were walking. There was also evidence tending to show that no other carriage passed by the child, though this was in contro-versy. There was no evidence from any eyewitness of the injury to the child.

The defendant introduced some evidence, but none that affected the question of the care of the child, except that the driver of the ice-cart testified that he did not see the child, and was not aware that he had run over anything.

The plaintiff asked the judge to instruct the jury as follows: "1. If the child strayed upon the street without any fault of its mother, and the injury to the child happened from want of care of the defendant's servant, the plaintiff is entitled to recover. 2. If the defendant's servant might by proper care have avoided the accident, and did not, the action may be maintained, even if the child was improperly there, and was incapable of taking care of itself, if the mother was not in fault."

The judge declined to give these instructions, and gave the following instructions, as requested by the defendant: "1. To suffer a child of the age of nineteen months, without using all due preventive care, to wander out of the house, and into and upon a public and frequented street, is negligence. 2. It is culpable negligence, and violation of parental duty and care, to suffer a child of the age of nineteen months to be upon a public and frequented street, without any care taken to prevent the same. 3. In this case, if the mother of the child, in whose care it had been left, went into another room to attend to other duties, without providing for the care and protection of the child in her absence, with the outer door of the house open, and, during said absence, the child wandered into the street and was there found injured, and if there is no evidence of the way and manner in which it was injured by a passing vehicle, the plaintiff is not entitled to recover. If the child went from the house into the street without the care or protection of any person in so going, and, while there and so unprotected, was injured by the wagon, the plaintiff cannot recover. 4. If the child, while in the street, and there unprotected by the care of

any person, ran or fell against the wheels of the wagon, and was thrown down and injured, the plaintiff cannot recover. 5. The question is not whether the mother of the child exercised reasonable and due care in disregarding the child for a short time, while she went from the room where it was left by her into another room, during which absence the child went out into the street of its own will, but whether, while in the street, the child had present protection, or reasonable provision made for its safety, at the time of receiving the injury." The judge gave other appropriate instructions upon the general question of liability, which were not excepted to.

The jury returned a verdict for the defendant · and the plaintiff alleged exceptions to the refusal to rule as requested, and to the specific instructions above set forth.

*E. L. Barney,* for the plaintiff.

*G. Marston & G. E. Williams,* for the defendant.

W. ALLEN, J. The plaintiff's intestate, an infant of the age of nineteen months, while she was unattended in the highway, was run over and injured by the defendant's ice-cart, driven by his servant. The questions presented relate only to the contributory negligence, personal or imputed, of the injured child, and are confined to rulings and instructions of the court upon that subject.

The child was herself incapable of either negligence or care, and no act of her own could be proof of either. The care or negligence by which she could be affected must have been that of her mother, under whose protection and control she was, and whose care or negligence would be imputed to her. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Callahan* v. *Bean,* 9 Allen, 401. The plaintiff, therefore, to maintain his action, must show that no negligence of the mother contributed to the injury of the child.

The child was injured while unattended in the highway. This alone would be *prima facie* proof that she was exposed through the negligence of her mother, under whose charge she was, and that that negligence contributed to her injury. *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283. But it would not be conclusive upon either point. The plaintiff could show that the negligence of the. mother did not contribute to the injury,

by proving that the child did not in fact do or omit to do any act in the occurrence, which common prudence forbade or required. *Lynch* v. *Smith*, 104 Mass. 52. *O'Brien* v. *McGlinchy*, 68 Maine, 552. *Ihl* v. *Forty-Second Street Railroad*, 47 N. Y. 317. *McGarry* v. *Loomis*, 63 N. Y. 104. There is no such proof in this case; and if the mother was negligent, the plaintiff cannot recover. He must prove that his intestate was not exposed to the injury through the negligence of her mother.

The fact that the child was unprotected in the highway is not conclusive proof that the mother was negligent. It raises a presumption, in the absence of other evidence, which is of no weight when the facts and circumstances which give character to the conduct in respect to care or negligence are disclosed. If it appears from the evidence that the mother exercised due care to prevent the child from escaping from the house, and going alone upon the highway, that care would be imputed to the child; or, in other words, proof that the mother was not negligent would show that there was no contributory negligence.

As the jury were instructed, in effect, that the only question was whether the child was in the street at the time of the injury without present protection, and that the care which the mother took to prevent the child from leaving the house was immaterial, there must be a new trial. *Mangam* v. *Brooklyn Railroad*, 38 N. Y. 455. *Fallon* v. *Central Park Railroad*, 64 N. Y. 14. *Exceptions sustained.*