THOMAS McGEARY *vs.* EASTERN RAILROAD COMPANY.

Essex.   November 8, 1882; September 3. — 10, 1883.

In an action for personal injuries sustained by a child eighteen months old, by being run over by a locomotive engine, there was evidence that the plaintiff lived with his mother in a house near a railroad track, with no fence between the house and track; that the mother and child were in a room, the door of which was open and faced the track; that the mother placed the child in a chair, ·gave it something to eat, and, with her back to the child, began to wash the floor of the room; that about two minutes afterwards, hearing a noise, she went to the door and saw the child by the track, he having attempted to cross it when struck by the locomotive engine. *Held,* that whether the mother exercised due care in looking after the child was a question of fact for the jury.

TORT for personal injuries.   At the trial in the Superior Court, before *Wilkinson,* J., there was evidence tending to prove the following facts:

The plaintiff, a child eighteen months of age, resided with his parents in a house by the side of the defendant's railroad, in Peabody, the access from the house to the street being by the side of the railroad track, the front door of the house being about thirty feet from the street and twenty feet from the track. The house, street and track were all on the same grade, and there was no fence or other barrier between the track and the house.   The defendant's passenger station was on the opposite side of the track from the house, and about one hundred feet from the street.   The defendant had kept open for public travel all the premises between the station and the street, including the track by the house, and by its acts had invited public travel thereon and thereover.   For the purpose of accommodating this travel, the defendant had planked between the rails of the track a distance of about eight feet from the street in a line with the house.   The plaintiff's father was a laboring man, his family consisting of himself, wife and three children, and they occupied two rooms, the door of the kitchen, which was their living room, opening towards the track.   About five o'clock in the afternoon of July 7, 1881, the mother of the plaintiff proceeded to wash the floor of the kitchen, the outer door of which was open.   She placed the plaintiff in a chair, and gave him a piece of bread and butter, and continued her work.   In washing the floor, her

back or side was turned to the plaintiff, and it had not been so turned more than about two minutes when she heard a noise, rushed to the door, and saw the plaintiff on the ground by the side of the track. He was attempting to cross the track when he was struck by the wheel of a locomotive engine, and one of his legs was cut off. The place where he was struck was about four feet from the line of the street, on the part of the track which had been planked as above stated, and the train was just coming to a stop at the station when the accident happened, and stopped a few feet beyond where the plaintiff was struck. The plaintiff was a quiet and obedient boy.

The judge ruled that the evidence above stated was not sufficient to prove due care on the part of the plaintiff, or those having him in charge; ordered a verdict for the defendant; and reported the case for the determination of this court. If such ruling and order were correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and the case to stand for trial.

*W. D. Northend*, for the plaintiff.

*J. A. Gillis*, for the defendant.

W. ALLEN, J. In the opinion of the majority of the court, the question whether it appeared from the evidence offered that the plaintiff escaped from the house and custody of his mother without her fault, — whether she exercised due care to prevent him from escaping, — was a material question of fact, to be determined by the judgment of the jury, and not a question of law, to be decided by the court. *Gibbons* v. *Williams*, *ante*, 333. *O' Connor* v. *Boston & Lowell Railroad*, *ante*, 352, and cases there cited.       *Verdict set aside, and case to stand for trial.*