JOHN W. MARSLAND *vs.* RAYMOND MURRAY.

Bristol.    October 25, 1888. — November 28, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Child — Circumstantial Evidence — Due Care — Contributory Negligence.*

In an action to recover for personal injuries received by the plaintiff, a boy four or five years old, the evidence was, that the defendant's horse, unattended and unharnessed, was improperly upon the highway, near the house of the plaintiff's father; that screams were heard and the plaintiff was first seen lying back of the horse's heels and afterwards near the horse, running toward the house, screaming, covered with blood, and holding his hand to his face; and that the wound was such as might have been caused by a blow from a horse's shoe. *Held,* that the jury was warranted in finding that the injury was caused by a kick of the defendant's horse.

On the issue of due care on the plaintiff's part, there was evidence that his father left him at home with his mother, who saw him a few minutes before he was hurt, and did not let him go out; that while she was nursing a baby he walked into another room; and that, after he had been absent a minute or two, she ran to the door and saw him returning, covered with blood. *Held,* that the question whether the mother exercised due care over the boy was properly left to the jury, who, if they found that he was in the highway without fault, might also find that he was not guilty of contributory negligence.

TORT for injuries received by a kick from the defendant's horse. Trial in the Superior Court, before *Dunbar,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the plaintiff, on the day of the accident, was between four and five years old, and lived with his parents, within fifty yards of the defendant's premises; that the defendant's horse was seen on the highway about three quarters of an hour before the accident, unattended, and without harness or bridle; that screams were heard, and immediately afterwards the plaintiff was seen lying back of the horse's heels, although the horse was not seen in the act of kicking the plaintiff; that after this the horse was seen walking quietly along, grazing, and the plaintiff was seen near the horse, running away from him towards the house, screaming, covered with blood, and holding his hand to his face; and that the defendant came to the plaintiff's house the same afternoon, and,

when asked if he would look at the plaintiff, said that he could not, and that he never knew his horse to kick any one before.

The plaintiff's father testified, that about three o'clock on the afternoon of that day he left the plaintiff at home with his wife and some other persons; that he was gone from his house but a short time, five minutes, and when he returned the plaintiff had been injured; and that the defendant came to his house that night and said he was sorry on the plaintiff's account.

Elizabeth Marsland, mother of the plaintiff, testified that she saw the plaintiff a few minutes before the injury. He was in the front room at the time, and had been in the house nearly all the time that afternoon. He ran out for a few moments and came right back. She did not let the plaintiff go out. She was nursing a baby, and the plaintiff walked into a back room. He was gone only a minute or two when she ran to the door and saw him covered with blood, with his hand up to his face. She told Mr. Murray, the defendant, it was his horse that kicked the baby, and he said he never knew his horse to kick any one before. The defendant called to see the plaintiff nearly every day for a week afterward.

Two physicians were called as witnesses, and testified, in substance, that they found the plaintiff, shortly after the injury, suffering from a lacerated wound of semicircular shape on the forehead over the left eye, the skull having been fractured; that the wound had been caused by a sudden blow from some hard object, and was such a one as might have been caused by the kick of a horse, or by a horseshoe in a person's hand.

The plaintiff was brought into court, and shown to the jury, who examined his head.

The defendant asked the judge to rule, that upon the foregoing evidence the plaintiff could not recover; but the judge declined so to rule, and submitted the case to the jury, under instructions not otherwise excepted to. The jury returned a verdict for the plaintiff, and the defendant excepted.

*T. F. McDonough*, for the defendant.

*M. Reed*, for the plaintiff.

C. ALLEN, J. It is not contended, in behalf of the defendant, in the argument, that he was free from negligence in permitting his horse to be unharnessed and unattended upon the

highway. See *Barnes* v. *Chapin*, 4 Allen, 444; *Lyons* v. *Merrick*, 105 Mass. 71; *Goodman* v. *Gay*, 15 Penn. St. 188. But he contends that there was no sufficient evidence to show that the plaintiff's injury was received from a kick of the horse, or that the plaintiff was himself in the exercise of due care; and these are the only questions we have to consider.

1. The evidence, if believed, was ample to warrant the jury in finding that the injury was caused by a kick of the horse.

2. It is true that a plaintiff cannot recover in an action like this, where there is nothing to show whether he was careful or negligent. *Crafts* v. *Boston*, 109 Mass. 519. But, as was said in *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, 141, the question of due care on the part of the plaintiff presents itself in two aspects; one being whether it was consistent with due care that he was in the place of danger; the other, whether, being in such a place, he used reasonable precautions against danger. And in the case of an injury to a young child like the plaintiff, the question becomes chiefly one of due care on the part of the person having charge of the child, in allowing it to be in the place where the injury was received. *Gibbons* v. *Williams*, 135 Mass. 333. The fact that a very young child is allowed to be upon a much used highway in a city, unattended, is *prima facie*, but not conclusive, evidence of negligence on the part of the person in charge. *Gibbons* v. *Williams*, 135 Mass. 333. *Wright* v. *Malden & Melrose Railroad*, 4 Allen, 283.

In the present case, the plaintiff was between four and five years old. The situation of the highway, the amount of its use, and the situation of the house in respect to the highway, are not disclosed. The plaintiff appears to have been under the care of his mother, who testified that she saw him a few minutes before the injury; that he was in the front room at the time; that he had been in the house nearly all the afternoon until then; that he ran out for a few moments and came right back; that she did not let him go out; and that she was nursing a baby, and the plaintiff walked into the back room, and was gone only a minute or two, when she ran to the door and saw him covered with blood. The father also testified that he left the plaintiff at home with his wife and some other persons, was gone from his house but a short time, five minutes, and

that when he returned the plaintiff had been injured. Upon this evidence, we cannot say, as matter of law, that the mother did not exercise due care to prevent the child from escaping from the house and going alone upon the highway; and this question was properly left to the jury.

If the child was upon the highway without any want of due care on the part of his mother, it would be rather difficult to suppose any act by him while there which would not be consistent with such care as children of that age are accustomed to use. It was only necessary for him to exercise such discretion as he had. *Lynch* v. *Smith*, 104 Mass. 52. *Carter* v. *Towne*, 98 Mass. 567. This rule has been applied in cases where children have been bitten by dogs, which, if left undisturbed, would probably not have injured the children. *Munn* v. *Reed*, 4 Allen, 431. *Plumley* v. *Birge*, 124 Mass. 57. It was not necessary for the plaintiff to introduce affirmative testimony to show what he was doing at the moment of receiving the injury. *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137. The horse was improperly in the highway; that is admitted. And if the jury found that the plaintiff was there without fault, they might also properly find that there was no contributory negligence on his part which should prevent his recovery.          *Exceptions overruled.*