### JOHN CASEY *vs.* JABEZ N. SMITH.

Suffolk.    March 14, 17, 1890. — October 24, 1890.

Present : FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Child — Contributory Negligence of Parent.*

A mother, who permits her child aged three years to go from home upon a public street accompanied only by a brother seven years and nine months old and a sister five years old, about fifty minutes before their father usually reached home, to await, as they had often done before, his return from work, knowing that the street was usually crowded with vehicles at that hour, is chargeable, as the custodian of the child, with such contributory negligence as to preclude recovery by the child for personal injuries caused by his being run over by a vehicle in the street.

TORT for personal injuries caused by the plaintiff's being run over by a vehicle in B Street in that part of Boston called South Boston. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

The case was argued at the bar in March, 1890, and afterwards was submitted on the briefs to all the judges, except *Morton,* J.

*J. A. McGeough,* for the plaintiff, cited, in addition to the cases cited in the opinion, *Munn* v. *Reed,* 4 Allen, 431; *Mulligan* v. *Curtis,* 100 Mass. 512; *Murley* v. *Roche,* 130 Mass. 330; *O'Connor* v. *Boston & Lowell Railroad,* 135 Mass. 352; *McGeary* v. *Eastern Railroad,* 135 Mass. 363; *Marsland* v. *Murray,* 148 Mass. 91.

*C. T. Gallagher,* for the defendant.

KNOWLTON, J.   The plaintiff at the time of the accident was three years and nineteen days old.   He was run over on a public street in a crowded part of the city of Boston, and the jury have found in substance that the accident was caused, wholly or in part, by his failure to exercise such care as an adult person of ordinary prudence would have exercised under like circumstances.   That fact would not prevent his recovery if he was of such age and intelligence that he could properly be alone on the street, and if he used the ordinary care of boys of his age; but if he was too young to take care of himself, and was negligently permitted to be on the street, and if he was hurt when an adult in his place would not have been, the negligence whereby he came there would be held to have contributed to the accident.   In such a case, his presence there would be a cause, and not merely a condition, of the accident.   If a child is too young to be capable of caring for himself, it is the duty of his proper custodian to care for him, and in a suit to recover for an injury caused by the negligence of another, if his custodian was guilty of negligence, that negligence is imputed to him. *Lynch* v. *Smith,* 104 Mass. 52, 57.   *Gibbons* v. *Williams,* 135 Mass. 333, 335.   *Collins* v. *South Boston Railroad,* 142 Mass. 301, 314.   In the present case the judge ruled, in effect, that the plaintiff was too young to be capable of taking care of himself on a street crowded with vehicles, and that his mother, who was his proper custodian, was negligent in allowing him to be there at the time of the accident.

His mother voluntarily permitted him to go upon the street attended by no one but his brother, seven years and nine months old, and his sister, five years and fourteen days old.   It was on the thirteenth day of March, and the weather was clear and cold.

She lived on Bolton Street, a narrow street with narrow side-walks, about forty-five feet from the corner of B Street, which is about twenty-five or thirty feet wide between the curbstones, and has sidewalks about eight feet wide. She let the three children go out at about twenty minutes past five o'clock in the afternoon, to await their father's coming home from work. Their father testified that he was accustomed to come home from his work by way of B Street, at about ten minutes past six o'clock, and that he had frequently met his children waiting for him on B Street or Bolton Street, and that he and the plaintiff's mother knew that B Street " at this time of the day was usually crowded with teams of various kinds." The question presented by the exceptions is, whether on these facts, which were all undisputed, the jury could properly have been permitted to find that the plaintiff's mother was in the exercise of due care in allowing him to go upon the street. It is to be noted that he went out with his brother and sister fifty minutes before his father was expected to return. His mother must be presumed to have known the disposition and habits of children, and to have ex-pected that they would occupy themselves for nearly an hour on the street as children would naturally do. What she did was equivalent to telling them to go out and play on the street until their father should come home. It was very different from a direction to them to go together to a designated place, and, after doing an errand, directly to return. She knew they must occupy themselves in some way for fifty minutes, and that they were to be upon a street crowded with teams. It cannot be argued that the girl, five years old, could assist in the care of the plaintiff. Her presence would increase rather than diminish the probability of accident. There could have been no reason-able ground for expecting that the older boy for so long a time would exercise the constant and efficient supervision and con-trol of the plaintiff which would be necessary reasonably to secure his safety in such a place. If the two older children had the plaintiff by the hand when they left the house, and if they might have been trusted to go in that way if sent on an errand a little distance along the street, the mother must have known that, if sent out to pass their time for an hour, each would soon insist upon having freedom of movement.

The case differs materially from all those cited by the plaintiff's counsel, and a majority of the court are of opinion that there was no evidence that the mother of the plaintiff was in the exercise of due care in permitting him to go on the street for so long a time without making better provision to secure his safety.                                                  *Exceptions overruled.*