WILLIAM SLATTERY *vs.* DANIEL O'CONNELL.

Hampden.     September 23, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Personal Injuries — Child — Due Care.*

A boy between four and a half and five years old was run over by a vehicle in the street and injured. His mother had been confined two days before, and on the morning of the accident she had in bed with her the babe, another child three years old, and this boy. Just before noon she permitted him to get up and play about the room partially dressed, his shoes and stockings being secreted to keep him in the house. About noon, after she had fallen asleep, the boy went into a neighbor's house, and, after the neighbor's child had procured and put on for him his shoes and stockings, went out of doors. The neighbor saw him playing with her children, but, as she was busy getting dinner for her family, did not know when he went out. The accident occurred about one o'clock, as he was sliding with other boys from a lot opposite the neighbor's house into the street.

His father, a poor laboring man, went to his work early in the morning, tak-
ing his dinner with him, and was unable to employ any one to attend his
wife, whose only assistance came from neighbors who ran in and out. In an
action to recover for such injuries, there was no evidence as to where the boy
was from the time he left the neighbor's house until he was injured. *Held*, that
the question whether the boy's parents, or those having him in charge, were in
the exercise of due care, was for the jury.

TORT, by the administrator of the estate of Robert Healy, to
recover for personal injuries sustained by the intestate. At the
trial in the Superior Court, *Barker*, J., ruled that there was no
evidence of due care on the part of the intestate to go to the
jury, and, after a verdict for the defendant, the plaintiff alleged
exceptions, which appear in the opinion.

*G. Wells & W. W. McClench*, (*J. Barnes* with them,) for the
plaintiff.

*G. M. Stearns*, (*T. B. O'Donnell* with him,) for the defendant.

BY THE COURT. The subjoined opinion was prepared by Mr.
Justice DEVENS, and was adopted after his death as the opinion
of the court.

The plaintiff's intestate was a child of tender years, and
the question presented is whether its parents, or those having
custody of it, were in the exercise of due care. If there was
a want of due care on their part, it is to be imputed to the
child, and will prevent a recovery. There was evidence tending
to show the following facts. The intestate was a boy between
four and a half and five years old, named Robert Healy. Two
days before the accident his mother, Mrs. Healy, had been con-
fined, and on the day of the accident she kept him in bed with
her until about eleven o'clock in the forenoon. Then he was
permitted to get up, and was partially dressed by Mrs. Fell, a
neighbor who came in from time to time to look after the mother
and him. In order to keep him from going out of doors, his
shoes and stockings were not put on, but were left under the
sofa where he had put them the night before, and he was per-
mitted to play about the room with nothing on but his trousers.
While he was playing about the room his mother fell asleep,
having in the bed with her the babe and another child of hers
about three years old, and did not wake till after the accident.
About twelve o'clock, and while the mother was asleep, the boy
went into the house of Mrs. Fell, whose door was near that of

Mrs. Healy, without his shoes and stockings on, and a little girl, a child of Mrs. Fell, went in and got his shoes and stockings, and he put them on. Mrs. Fell saw him playing about with her children, but, as she was busy getting dinner for her family, she did not know when he went out, and from the time he was in Mrs. Fell's house till the time of the accident there was no evidence where he was. Then, in sliding with other boys down out of a lot on the opposite side of the street from Mrs. Fell's house into the street, he was run over by the defendant's cart, and received the injuries in question, from which he afterwards died. The father was a laboring man working in one of the mills in Holyoke, and was accustomed to go to his work early in the morning, taking his dinner with him, and to return after the mill closed in the afternoon. He was a poor man, and not able to employ any attendance for his wife, who had no assistance but that of neighbors, and Mrs. Fell was attending to her as well as she could, running in and out.

The burden of proof was on the plaintiff to show that no negligence in the care of the child existed which was contributory to the accident. The care which should have been exercised over the child was what is reasonable, having regard to all the circumstances of the case ; whether such care had been exercised was a question of fact for the jury, and not of law for the court. Although the mother permitted the child to be partially dressed, the jury might find that she was justified in believing that he understood that he was not to go out, and could reasonably have relied on his not going out, or taking his shoes for that purpose, and on the fact that, if he was not placed directly under the care of Mrs. Fell, her presence from time to time as she went in and out, with her own supervision, would be sufficient protection. The mother fell asleep, indeed, but we cannot say, as matter of law, that a jury would not be authorized to find that she might not reasonably have expected, notwithstanding her exhausted condition, to remain awake or sufficiently so to have watched the child. *Gibbons* v. *Williams*, 135 Mass. 333. *Marsland* v. *Murray*, 148 Mass. 91. *Philadelphia & Reading Railroad* v. *Long*, 75 Penn. St. 257, 265. *Hoppe* v. *Chicago, Milwaukee, & St. Paul Railway*, 61 Wis. 357, 365, 366. *Walters* v. *Chicago, Rock Island, & Pacific Railway*, 41 Iowa, 71, 78, 79.

In regard to the absence of the father, also, the jury might find that it was justified by the necessities of his family, and the reliance which he was entitled to place upon the management and attention of his wife, assisted by her neighbors.  For these reasons, a majority of the court think the entry should be,

*Exceptions sustained.*