MICHAEL CREED *vs.* MINOT K. KENDALL & another.

Suffolk.    January 18, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Child — Negligence of Mother.*

Where the mother of a child three years old, having hung out the clothes in the yard while the child was playing therein, went into the house at about noon to set the table for dinner, and left the child playing alone just inside the open gateway leading into the street, and the child was found soon after badly injured in a hole in front of the house recently dug by the defendants to hold poles for supporting electric wires and lights, of the existence of which hole the mother was entirely ignorant, it was *held*, in an action to recover for such injuries, that the court rightly refused to rule that the evidence showed, as matter of law, that there was contributory negligence on the part of the mother.

TWO ACTIONS OF TORT, brought by Michael Creed, administrator, and individually arising out of the same injury, and tried together in the Superior Court, before *Dunbar*, J.

It appeared that the defendants, by virtue of a contract with the Chelsea Gas Company, were engaged in the erection of poles

to support electric wires and lights on Williams Street, a public highway in Chelsea; that Williams Street is thickly settled at the point where the accident is alleged to have occurred, and is sixty feet wide, the sidewalk being twelve feet wide; that the hole into which the plaintiff's intestate is alleged to have fallen and received the injuries complained of was dug by the defendants as early as half-past nine o'clock on the morning of July 17, 1889, and was on the outer edge of the sidewalk, in front of the premises occupied by the family of the plaintiff, and distant about thirty-five feet from an open gateway leading into the yard of the plaintiff, was about five feet in depth and about three feet in diameter at the top, and was left uncovered from half-past nine o'clock A. M. to two o'clock P. M. on the same day; and that the plaintiff's intestate was three years, one month, and ten days old at the time.

The plaintiff and another witness testified that the boy was large, strong, and intelligent, and for two or three months before the accident had been in the habit of walking on this sidewalk, and by the point where the hole was dug, to meet his father, who came home to dinner generally between twelve and one o'clock P. M.

The mother testified that she had been washing clothes on the morning of the accident, and hanging them out in the yard; that the child was playing therein, and that she knew nothing about this hole in the sidewalk, and did not know that the defendants, or their servants, were engaged in digging the same until after the accident; that about twelve o'clock she went into the house to set the table for dinner, and left her child playing alone just inside the open gateway leading into Williams Street; and that the child was found in the hole ten or fifteen minutes after she left him.

The defendants asked the court to rule that, upon the foregoing evidence, the plaintiff in each action could not recover, because, as matter of law, the evidence showed contributory negligence on the part of the mother.

The court declined so to rule, and left the cases to the jury, under instructions otherwise acceptable.

The jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions.

*H. S. Milton*, for the defendants.

*P. B. Kiernan*, for the plaintiff.

MORTON, J.   The single question in this case is whether there was contributory negligence on the part of the mother.   The case was left to the jury, under instructions as to what would constitute . contributory negligence on her part, to which no exception was taken, and the jury returned a verdict for the plaintiff in each case.   We think that the refusal of the court to rule that the evidence showed, as matter of law, that there was contributory negligence by the mother was correct, and that there was evidence to warrant the verdicts of the jury.   *Gibbons* v. *Williams*, 135 Mass. 333.   *Marsland* v. *Murray*, 148 Mass. 91. *Howland* v. *Union Street Railway*, 150 Mass. 86.   *Slattery* v. *O' Connell*, 153 Mass. 94.                   *Exceptions overruled.*