ELMER E. GRANT, administrator, *vs.* CITY OF FITCHBURG.

Worcester.    October 4, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Loss of Life — Child — Negligence of Parent — Action.*

An action cannot be maintained against a city for causing the death of a child twenty months old, who was last seen alive by his mother at the open gateway of her dooryard leading into a public street, and who, while she was sitting, talking with another woman on the rear steps of her house, was allowed to stray into the street and remain unattended and unsearched for by her for fifteen minutes, during which, unseen by any witness, he got through a hole in the curbstone into a catch-basin, and was killed.

TORT, by the administrator of the estate of Harry L. Grant, for causing his death. Trial in the Superior Court, before *Braley*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. Parker*, for the plaintiff.

*E. P. Pierce*, for the defendant.

KNOWLTON, J. In this case we have no occasion to consider whether there was evidence of negligence on the part of the defendant, for we are of opinion that there was no evidence that the plaintiff's intestate was in the exercise of due care. He was a child twenty months old, and was incapable of exercising care for himself. It was the duty, therefore, of his mother, in whose custody he was, to care for him, and, if his death is imputable to her negligence, the plaintiff cannot recover.

He was last seen by her before his death at the open gateway

of the dooryard, at the boundary of the public street; he had been playing about there, and once before on the same afternoon had been alone to the house of a neighbor, which was the third house from his home on the same street, and his mother had been obliged to go and find him and bring him back. When she saw him at the gate she was sitting talking with another woman on the steps at the rear of the house, and she gave no further attention to him, and took no measures to ascertain where he was for a quarter of an hour or more. In the mean time he had been out on the street unattended, and had been playing with other children, and in some way, no witness knew when or how, had got through the hole in the curbstone into the catch-basin. His absence from home unattended on the public street was *prima facie* evidence of negligence on the part of his mother, and there was no evidence in the case which tends to show a justification or excuse for her failure to look after him for fifteen minutes after she saw him at the gate. In this last respect the case differs from *Slattery* v. *O'Connell*, 153 Mass. 94, and *Creed* v. *Kendall*, 156 Mass. 291. The doctrines stated in *Gibbons* v. *Williams*, 135 Mass. 333, are applicable to the facts of this case and are decisive of it. *Wright* v. *Malden & Melrose Railroad*, 4 Allen, 283. *Callahan* v. *Bean*, 9 Allen, 401.

*Exceptions overruled.*