EDWARD POWERS, administrator, *vs.* QUINCY AND BOSTON STREET RAILWAY COMPANY.

Norfolk.    November 23, 1894. — January 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Loss of Life — Street Railway — Child — Due Care of Parent — Law and Fact.*

A boy two years and eight months old lived with his parents in a house on a place, so called, about two hundred feet distant from a street upon which an electric railway ran. There was a yard outside of the house enclosed by a fence with a gate opening from it into the place, and on the gate was a catch to fasten it, and also a rope, sometimes used for the same purpose. There were older children in the family, who attended school, and who had been instructed to fasten the gate whenever they passed in or out. One of them, a girl seven years old, who once had been punished by her mother for leaving the gate open, went out of the house after dinner into the yard on her way to school, and left the gate open as she passed out. The boy followed her from the house into the yard, and went out upon the street, where he was run over and killed by an electric car. His mother, who was engaged in her household work, saw him follow his sister out of the house, and learned of the accident ten or fifteen minutes afterwards. *Held*, in an action against the railway corporation for causing his death, that it was a question of fact for the jury whether the mother was reasonably careful in allowing the boy to go out into the yard alone, and in not watching him after he went out.

TORT, by the administrator of the estate of Joseph Powers, for causing his death. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. I. Badger*, for the defendant.

*J. E. Cotter*, (*J. W. McAnarney* with him,) for the plaintiff.

KNOWLTON, J. The only question argued by the defendant is whether there was evidence to submit to the jury in favor of the plaintiff on the question whether his intestate was in the exercise of due care. He was a child two years and eight months old. He lived with his parents and four sisters, the eldest of whom was fifteen years of age, in a house on Franklin Place in Quincy, about two hundred feet westerly from the line of Franklin Street. He was run over and killed by one of the defendant's electric cars on Franklin Street soon after one o'clock in the afternoon. There was evidence of negligence on the part of the motorman in charge of the car. The child was too young to be capable of taking care of himself on a public street. He was in the custody of his mother before he escaped and went upon the street, and the burden was on the plaintiff to show that she was in the exercise of due care in reference to his safety.

The evidence tended to show that the plaintiff was a laborer, and that his wife, the boy's mother, took charge of the house and did the household work for the family. On the day of the accident she was busy providing dinner for her daughters, who had come home from school, and for her husband, who came from his work and had his dinner a little later than the others. There was a yard outside of the house enclosed by a fence, with a gate opening from it into Franklin Place. On the gate was a catch to fasten it, and also a rope sometimes used for the same purpose. The children were instructed to fasten the gate whenever they passed in or out. The plaintiff's intestate had been playing in the enclosed yard in the forenoon of the day of his death. His sister Margaret, then seven years and four months old, went out of the house after dinner into the yard on her way to school. She had been instructed to close the gate whenever she opened it, and once had been punished by her mother for leaving it open. The mother saw the little boy follow his sister Margaret out of the house into the yard. Margaret left the gate open as she started for school, and the boy followed her, and went into Franklin Street and was run over. It was testified that the mother heard of the accident ten or fifteen minutes after she saw the boy go out of the house.

We are of opinion that it was a question of fact for the jury whether the mother was reasonably careful in allowing the boy

to go out into the yard alone, and in not watching him after he went out. The jury might find that she had good reason to believe that he was safe in the yard and that he could not escape. They might well find that the care she ·gave him was all that could reasonably be required of her under the circumstances. The nature of the evidence was such as to present a question of fact, and not a question of law. *Mulligan* v. *Curtis*, 100 Mass. 512. *Gibbons* v. *Williams*, 135 Mass. 333. *O'Connor* v. *Boston & Lowell Railroad*, 135 Mass. 352. *McGeary* v. *Eastern Railroad*, 135 Mass. 363. *Slattery* v. *O'Connell*, 153 Mass. 94, 96. *Creed* v. *Kendall*, 156 Mass. 291. *Marsland* v. *Murray*, 148 Mass. 91.                              *Exceptions overruled.*