## West Chicago St. R. R. Co. v. Leah Liderman.

1. STREET RAILWAYS—*Duty in Using the Streets.*—It is the duty of individuals and corporations, operating cars or other means of conveyance, the use of which experience shows to be a source of danger in city thoroughfares, to be on the lookout themselves and to carefully respect the equal rights of others.

2. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question of contributory negligence is one of fact for the jury.

3. NEGLIGENCE—*A Question of Fact.*—It is a question of fact, in this case, whether a mother was justified in believing that she could rescue her child from an approaching cable car without danger to herself, and if she was justified in so believing, it was not negligence to make the effort.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

VAN VECHTEN VEEDER and BENJ. F. RICHOLSON, attorneys for appellant.

NELSON MONROE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by appellee to recover for personal injuries, claimed to have been caused by the negligence of appellant's servants, while appellee was making an effort to rescue her child from a position of danger in front of an approaching cable train.

The mother testifies that she was standing on the sidewalk in conversation with a friend, holding her child, then three years of age, by the hand. Without attracting her attention the child slipped away. When she turned to look for it, she saw it, as she states, about fifteen feet away, running on the track, upon which a cable car was approaching. She ran after the child, and by outcry and gesture endeavored to induce the stopping of the cable train, which she says was then "about half a block, about eighty or ninety feet," distant. She testifies that just as she got her hands upon the child and pushed him to one side, the car struck her, inflicting the injuries complained of.

It is first contended by appellant's counsel that appellee was guilty of contributory negligence, such as to preclude recovery. It is urged that it is no excuse for her conduct in placing herself in the way of the moving car, that she exposed herself to save the life of her child, for the reason that the child's danger was the direct result of her own negligence.

It may well be doubted whether it is negligence *per se* for a mother to let go for a moment of the hand of her three-year-old child, upon a sidewalk within a block of her own home, when she has no notice of any present danger, merely because she is aware of the fact that the street is in part occupied by tracks upon which street cars impelled by cable or electricity are frequently passing. While, as the result showed, the child did run into danger which, if the parent had foreseen, might have been avoided, we should hesitate to say that failure to foresee a danger not at the moment apparent, was negligence as a matter of law. Dangerous as city streets have frequently become under the uses to which they are now put, they are still presumed to be safe, under ordinary conditions, for children as well as adults using ordinary care. In many quarters of a crowded city it is still unfortunately true that children have no other playground and no other opportunity to get sunshine and air except in the streets. It would be a harsh doctrine that would impute to their parents negligence, as a matter of law, for not actively preventing them, through momentary inadvertence, from being there, should they be injured through the negligence of others. It is the duty of individuals and corporations operating cars or other means of conveyance, the use of which experience shows to be a source of danger in city thoroughfares, to be on the lookout themselves, and to carefully respect the equal rights of others. Chicago City Ry. Co. v. Jennings, 157 Ill. 274 (279). And parents for their children, as well as individuals for themselves, have a right to presume that this duty will be observed. We can not say in this case that the child's danger was the direct result of the mother's contributory negligence, as a matter of law. The question was one of fact for the jury, and was properly left for their determination. Slattery v. O'Connell, 153 Mass. 94; Creed v. Kendall, 156 Mass. 291.

Nor do we think the evidence shows negligence which can be imputed as a matter of law to the mother, in her effort to rescue the child from the approaching danger. If the car was then eighty or ninety feet away, it was cer-

tainly a question of fact whether the mother was justified in believing she could rescue the child without danger to herself. If she was justified in so believing, it was not negligence to make the effort. Few mothers would hesitate probably, under such circumstances, if the danger was much more apparent. In the case at bar, the evidence warrants the finding of the jury in this respect. Eckert v. Long Island R. R. Co., 43 N. Y. 503.

There was conflicting evidence as to the negligence of the gripman. The latter states that he put on the brakes as soon as he saw the child leave the sidewalk, and that the car stopped within ten feet. On the other hand, witnesses testify that when the mother screamed and ran after the child, the cable train was about seventy-five to ninety feet away, going at full speed, and that the gripman seemed to pay no heed and made no immediate effort to stop. The question as to appellee's contributory negligence, as well as the question whether appellant's negligence caused the injuries complained of, were questions of fact for the jury. There was evidence to sustain their finding, and we should not be justified in disturbing the verdict.

It is urged that the verdict is excessive. The character and consequences of the appellee's injuries were subjects of controversy at the trial. The jury heard and saw the witnesses. We should have been better satisfied, perhaps, with a smaller sum, but if the jury believed the evidence introduced in appellee's behalf, relating to the injuries she received, it is difficult to find fault with their conclusion. There is no fixed standard by which to measure pecuniary compensation for physical injuries. After careful consideration, we find no reason for holding that the damages awarded are excessive.

The judgment of the Superior Court must be affirmed.