WILLIAM BUTLER & another, administrators, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Plymouth.     October 16, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Death — Due Care of Mother and of Boy — Law and Fact.*

At the trial of an action to recover for the death of a boy four years and seven months old, it appeared that he was killed on a grade crossing by one of the rear cars of a freight train which had broken apart before reaching the crossing, and that the forward part of the train had gone by, leaving an interval of from thirty-two feet to two hundred yards; that his mother was a poor woman and alone in the house; that five minutes before the accident she left the boy eating on her front doorstep, with her two other children aged nine and seven, told them to sit down and stay there, and went in to her washing; that the house was about two hundred feet from the track, which was straight, and the earth was banked upon the side so that cars could not be seen until one was very near; that the children, or the boy and his sister, went toward the track, and according to her the boy went on the track and took off his hat and said good-by to the part of the train that had passed, and that she called to him to come back, saying the cars were coming, and he replied, "Why, the car has gone by, . . . it is passed now, and so there is no more." *Held,* that it could not be said, as matter of law, that the boy was not exercising the care of a prudent boy of his years, or that the mother was negligent.

TORT, for the killing of Colombo Bassari, a boy four years and seven months old, on a grade crossing on the defendant's railroad. Trial in the Superior Court, before *Mason,* C. J., who refused to rule at the close of the evidence, at the request of the defendant, that it was entitled to a verdict; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*F. S. Hall*, for the defendant.

*N. Washburn*, for the plaintiffs.

HOLMES, C. J.   This is an action to recover for the death of a boy killed by the defendant's cars.   The case is here upon an exception to a refusal to take the case from the jury.   There was evidence tending to show that the boy was killed on a grade crossing by one of the rear cars of a freight train which had broken apart before reaching the crossing, and that the forward part of the train had gone by, leaving an interval of from thirty-two feet to two hundred yards.   It is not argued that there was not evidence of negligence on the part of the defendant subject to the almost inseparable question of the boy's due care.   But the boy was only four years and seven months old, and it is contended that there was a lack of due care on his part and on the part of his mother.   His mother was a poor woman and was' alone in the house.   Five minutes before the accident she left the boy eating on her front doorstep with her two other children aged nine and seven, told them to sit down and stay there, and went in to her washing. The house was about two hundred feet from the track and the earth was banked up on the side of the track so that cars could not be seen until one was very near.   The track, however, was straight.   The children, or the boy and his sister, went toward the track, and according to her the boy went on the track and took off his hat and said good-by to the part of the train that had passed.   She called to him to come back saying the cars were coming, and he replied, " Why, the car has gone by, . . . it is passed now, and so there is no more."

The boy's answer shows that he understood the danger from a train in motion to one upon the track.   But we assume in favor of the defendant that he was not exercising such care as an adult would be bound to exercise under similar circumstances.   The cars that killed him could have been seen before they reached the crossing if he had looked.   *Indianapolis, Decatur, & Western Railway* v. *Wilson*, 134 Ind. 95.   *McKinney* v. *Chicago & Northwestern Railway*, 87 Wis. 282.   *Guta* v. *Lake Shore & Michigan Southern Railway*, 81 Mich. 291.   3 Elliott,

Railroads, § 1166.  On the other hand, the danger from detached cars following a train from which they have broken is so unusual, and the passing of the front part of the train had such a tendency to suggest that the track was safe, as from his answer the boy believed, that we cannot say as matter of law that he was not exercising the care of a prudent boy of his years.  See *O'Connor* v. *Boston & Lowell Railroad*, 135 Mass. 352, 362 ; *Elkins* v. *Boston & Albany Railroad*, 115 Mass. 190, 199, 200 ; *Breckenfelder* v. *Lake Shore & Michigan Southern Railway*, 79 Mich. 560 ; *Ward* v. *Chicago, St. Paul, Minneapolis, & Omaha Railway*, 85 Wis. 601.  The only question, therefore, is with regard to the care shown by his mother.  That must be considered, because an injury to a child cannot be recovered for, although the child has used all the care to be expected of it, if it has not shown the prudence required of an adult, and if it ought not to have been left where it was without the oversight of an elder.  See *Collins* v. *South Boston Railroad*, 142 Mass. 301, 313, 314.

The lines between liability and immunity are fixed, at least in part, by legislative considerations of policy.  While it may not be a sufficient reason for making greater requirements of a defendant that the plaintiff was disabled by poverty from taking certain precautions, the circumstances and limited powers of a large part of the community may be taken into account in determining what persons who use or cross the highways must look out for, and what they shall be held entitled, to expect from those whom they meet and may injure.  The poor cannot always keep their children in the house or always see that they are attended when out of doors.  In this case the evidence warranted a finding that the mother reasonably might expect her children to obey her, and that leaving them where she did for the short time that she left them there, occupied as they were, was not negligence, in view of the facts that one of them was nine, (*Mulligan* v. *Curtis*, 100 Mass. 512, 514,) and that the boy had the degree of intelligence which his answer proved.  The case falls into that border region between two extremes which we leave to the jury.  *McNeil* v. *Boston Ice Co.* 173 Mass. 570.  *Powers* v. *Quincy & Boston Street Railway*, 163 Mass. 5.  *Creed* v. *Kendall*, 156 Mass. 291.  *Lynch* v. *Smith*, 104 Mass. 52, 56.

*Exceptions overruled.*