## MARY H. COTTER *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Essex.   November 7, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Negligence*, Contributory, of parent.

In an action against a street railway company by a child run over by an electric car of the defendant, it appeared, that at the time of the accident the plaintiff was three years and ten months old, that her parents lived in a tenement on a busy street in Lynn where there was considerable teaming and a line of electric cars, that the plaintiff had been left in charge of her mother, who was then not very strong, that the mother allowed the plaintiff to go downstairs and play in the yard with a boy of five, the gate of the yard being always open, that the mother looked out the window, sent the boy on an errand and saw the plaintiff, thus left unattended, for the last time before the accident, which happened more than an hour later, that the plaintiff strayed into the street and in trying to return ran directly in front of the car and was injured. *Held*, that the plaintiff could not recover, there being no pretence that she was exercising the care of a prudent adult, and no evidence of due care on the part of her parents.

TORT by an infant by her father and next friend for injuries caused by being run over by an electric car of the defendant. Writ dated May 23, 1899.

In the Superior Court, *Maynard*, J., at the close of the plaintiff's evidence, ruled that the plaintiff was not entitled to recover and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Kelley*, for the plaintiff.

*H. F. Hurlburt*, (*D. E. Hall* with him,) for the defendant.

HOLMES, C. J. This is an action for personal injuries caused by an electric car. The plaintiff was three years and ten months old at the time of the accident, and was trying to run across the street directly in front of the car when she was run down. There is no evidence that she used the care that would be expected of an adult, and therefore if there was negligence on the part of her parents in allowing her to be where she was she cannot recover. *Collins* v. *South Boston Railroad*, 142 Mass. 301, 313. *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191, 193. With regard to the latter question,

while, as was said in the case last cited, the limited powers of the poor must be taken into account as a general fact in drawing the line at which the defendant's responsibility shall begin; still, the other side must be considered also before a third person is made responsible for an accident, and this responsibility does not follow of necessity from the fact that the parents did the best they could. There is a certain minimum of precaution against the dangers into which infants will wander, which must be taken if another is to be made to pay.

· The plaintiff's parents lived in a tenement on a busy street in Lynn, where, as the plaintiff's father testified, there was considerable teaming and a line of electric cars. There were other busy streets hard by. The plaintiff had been left in charge of her mother who had been up from a confinement only about a week and was not very strong. The mother allowed the plaintiff to go downstairs and play in the yard of the house, with a boy of five. At about half past eight she looked out of the window, sent the boy on an errand, and saw the plaintiff, thus left unattended, for the last time before the accident, which seems to have happened between half past nine and ten. The size of the yard does not appear, but it had a gate which was always open, and the plaintiff had strayed out and was trying to return when she ran into the car. It is obvious on these facts that the happening or not happening of such an accident as was likely to happen to a child of three, alone in a busy street, was left by the mother wholly to chance and the instincts of the child. Exactly what view she commanded from her window does not appear. If we assume that she could have kept her eye on the movements of her child as long as she was in the yard, she did not do so. What she could see beyond we do not know.

Of course when the case gets near the line which divides those instances in which it can be ruled as matter of law that the parent was negligent from those in which it can be ruled that due care was shown, it is left to the jury. But in the cases most like this in which a jury has been called in, the precautions taken were greater, or the danger was less obvious and not so great, and the time shorter during which the child was left to itself. *Creed* v. *Kendall,* 156 Mass. 291, and cases cited. *Powers.* v. *Quincy & Boston Street Railway,* 163 Mass. 5;

*Hewitt* v. *Taunton Street Railway,* 167 Mass. 483.  *McNeil* v. *Boston Ice Co.* 173 Mass. 570.  *Butler* v. *New York, New Haven, & Hartford Railroad,* 177 Mass. 191.  *Walsh* v. *Loorem, ante,* 18. The present case seems to us to fall on the same side of the line with *Casey* v. *Smith,* 152 Mass. 294, *Grant* v. *Fitchburg,* 160 Mass. 16, and *Hayes* v. *Norcross,* 162 Mass. 546.  As we have intimated there can be no pretence that the plaintiff herself was using the care of a prudent adult.  *Grant* v. *Fitchburg, Hayes* v. *Norcross, ubi supra.*

*Exceptions overruled.*