## FREDERICK S. BOGUE AND OTHERS *v.* LEWIS BIGELOW AND OTHERS.

*Identity of names and of persons. Evidence.*

Aaron I. Boge was named in the charter of Kingston (now Granville,) as one of the proprietors. The name of the plaintiff's ancestor was Aaron Jordan Bogue, but at an early period in his life the surname was usually written Boge. In the proprietor's records Aaron J. Boge in one instance and Aaron Jordan Bogue in another was mentioned as one of the proprietors. *Held*, that the names were,

*prima facie*, to be regarded as identical, and as establishing, *prima facie*, the iden-
tity of the plaintiff's ancestor with the person named in the charter.

The fact that the plaintiff's ancestor resided in a different town, and distant from
most or all of the other proprietors, and that his heirs made no claim to his right
until after the lapse of a long period of time, is entitled to but little if any weight
in determining the question of such identity.

EJECTMENT for certain lands in Granville, formerly Kingston,
and to which the plaintiffs claimed title as the heirs of Aaron
Jordan Bogue who, it was claimed, was one of the original
proprietors of that town. The cause was tried upon the plea of
the general issue at the June Term, 1856,— PIERPOINT, J., pre-
siding.

The plaintiffs introduced in evidence the original charter of
Kingston, granted August 2d, 1781, in which Aaron I. Boge is
named as one of the proprietors, and the records of the proprietors
of that town, from which it appeared that on the 13th of July,
1786, Dea. Reuben Parsons was allowed to, and did make a pitch
"on the original right of Aaron Jordan Bogue;" and in the
"drafts of the first, second and third division in Kingston," under
the heading of "proprietor's names," were found the name of
"Aaron J. Boge," as owning or being entitled to lot one hundred
and one in the first, two hundred and ten in the second, and fifty-
three in the third division. No other person of the name of Boge
or Bogue, except the said Aaron I. Boge, was named in the
charter. The plaintiffs offered testimony tending to prove that the
Rev. Aaron Jordan Bogue resided in New Lebanon, New York,
and that he died there from twenty-five to thirty years ago, aged
from sixty to sixty-five years, and that the plaintiffs were his
descendants and only heirs. They also introduced evidence
tending to prove that during the life time of the said Aaron Jordan
Bogue, he and other members of the same family spelt their names
*Boge*, but that sometime after his death, by common consent of
the different branches of the family, they altered the spelling of
the name to Bogue. There was no evidence tending to prove
that there was at the date of the charter any such person as Aaron
I. Boge, except the charter itself, nor was there any evidence
tending to prove that Aaron J. Bogue, the ancestor of the plain-
tiffs, or his heirs, ever made any claim to lands in said town of

Kingston, or had any knowledge that the name Aaron I. Boge was in said charter until the year 1851.

The plaintiffs claimed and requested the court to charge the jury that the plaintiffs had made out a legal title to the land in question, as the heirs at law of Aaron J. Bogue; and in the absence of any testimony to contradict their evidence, that they had shown *prima facie* evidence of title in said Bogue and his heirs.

The court declined so to charge any further than as follows: They instructed the jury that it was incumbent on the plaintiffs to show that they had a legal title to the premises in question, and as all the claim they made was by virtue of the charter of Kingston, they must prove that their ancestor, Aaron Jordan Bogue, was one of the grantees named in the charter; that whether he was the person intended by the name *Aaron I. Boge* in the charter was for the jury to find from the testimony, and if the jury were convinced, from the testimony, that he was the person intended, the plaintiffs as his heirs had shown a good title to the premises; that they must decide the question from a consideration of all the circumstances in evidence; that it would have been more satisfactory in determining the question if there had been evidence of any probable connection between the ancestor of the plaintiffs and the other grantees named in the charter, as by his residing in the same part of the country or otherwise, but all the evidence relating to residence was what appeared upon the proprietors' records and the testimony of the witness who stated that the ancestor of the plaintiffs lived in New Lebanon, New York, and died there twenty-five or thirty years ago, aged sixty to sixty-five years, and so far as the proprietors' records showed the residence of the other proprietors they generally resided in Worcester county, Massachusetts, and Hartford county, Connecticut; that the circumstance that there was no evidence of the existence of any such person as Aaron I. Boge who had ever claimed the land, also that there was no evidence that the plaintiffs' ancestor or any of his descendants ever claimed the land until 1851, the appearance in the proprietors' records of the name of Aaron Jordan Bogue as an original grantee, were all to be considered and weighed, and if, from the whole evidence, the jury found that Aaron Jordan Bogue,

the ancestor of the plaintiffs, was the person to whom the grant was intended to be made, then they should find that the legal title to the land in question was in the plaintiffs, and the verdict should be in their favor; but if they did not find that the ancestor of the plaintiffs was the person to whom the grant was intended to be made, their verdict should be for the defendants.

Under these instructions the jury rendered a verdict for the defendants. Exceptions by the plaintiff.

*E. N. Briggs*, for the plaintiffs.

*Linsley & Prout* and *L. E. Chittenden*, for the defendants.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question in the present case is whether the testimony in regard to the plaintiffs' ancestor was properly put to the jury.

The charter contains the name of Aaron I. Boge. The plaintiffs' ancestor's name was Aaron Jordan Bogue. The testimony showed a change of the name in its orthography from Boge to Bogue. The name, then, would stand identical with the mere difference of a middle letter between I and J, which until a very recent period were altogether identical. Many books, especially classical editions of more recent date than this charter, (1781,) use the I for the J almost universally. And it is not at all improbable this variation may have occurred in this mode.

It has been often decided by this court that the middle letter was not an indispensable part of the name; so that the omission of it altogether does not create a *misnomer.* And probably the substitution of a different letter, if it is regarded as no part of the name, could have no greater effect. But the omission of the letter altogether does create more question in the mind of all than the mere substitution of I for J.

So that it would rather seem that upon the face of the charter the names might be fairly regarded as identical. But if this were to be regarded as doubtful, even, the proprietors' records, recognizing one Aaron Jordan Bogue as of their number, is the fullest explanation of all possible doubt upon this subject. And that the

proprietors did recognize the right to pitch lots in the name of Aaron Jordan Bogue, as an original proprietor, is apparent from their records. For allowing any other person to do this in his name is 'surely the same thing as allowing him to do it, so far as recognition of the identity is concerned.

And there being no other name in any sense approaching this, it seems almost incomprehensible how any doubt should arise in regard to the identity of the names being fully shown. This, to be sure, will not establish the identity of the persons. But in tracing titles in the mode here attempted, it is always regarded as *prima facie* evidence of identity, while in cases involving a charge of crime, when presumptions of innocence are allowed to prevail over presumptions of identity from mere identity of names, some further proof is often required, as in cases of indictment for bigamy.

The identity of names establishing, *prima facie*, the identity of the persons, the jury should have been so instructed.

II. Upon the other evidence which came out incidentally in the case, the court seem to have placed improper stress. The mere fact that the plaintiffs' ancestor did not live, or as the proof would seem more properly to show, that he did not die in the same place as the majority of the other proprietors, or in either place where they chiefly resided, was certainly no legal proof in the case. And still the jury were told it was important, and that the testimony would have been more satisfactory were it not for the fact that the other proprietors *generally* resided in Worcester county, Massachusetts, and Hartford county, Connecticut.

It is well known that it was the more common practice in such cases to find more or less of the grantees residing singly, in towns remote from the others.

And it is certainly every day's practice in many parts of the state to bring suits in the names of the heirs of original proprietors of towns after a lapse of time as great as in the present case, and certainly it was never before regarded as fair to presume against the claimant's title unless there was an adverse possession, and not then unless it was sufficient to bar the entry.

Judgment reversed and case remanded.