ROBERT AYERS vs. HARRY F. RATSHESKY.

Suffolk.   November 12, 13, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Of parent, Of child, In operating automobile.  *Practice, Civil,* Con-
duct of trial.  *Evidence,* Of identity.  *Witness,* Impeachment.

The mother of a boy of average brightness, four years and ten months of age, living
in a house without a yard on a short and narrow street principally occupied by
automobile repair shops, is not negligent as matter of law in allowing her boy
to go into the street with only such attention as she is able to give him by going
to the window at reasonable intervals while engaged in her household duties,
especially at an hour when the shops are closing and the streets are practically
cleared.

A boy four years and ten months of age, who with two other children is in a shop
opposite his home on a short and narrow street principally occupied by automo-
bile repair shops, and with the other children is " chased " out of the shop by the
man in charge and, running across the street at a speed of about four miles an
hour, is struck when he nearly has reached the opposite sidewalk by an auto-
mobile moving at the rate of eighteen miles an hour without any horn being
sounded, is not negligent as matter of law; nor would he have been negligent as
matter of law if he and his companions in playing a game were running down a
runway from the shop and he followed one of the other children across the street
and was struck by the automobile when he nearly had reached the opposite
sidewalk.

One, who at dusk drove an automobile at the rate of eighteen miles an hour with-
out sounding a horn into a narrow and obstructed street where children were
playing and ran into one of them, can be found to have been negligent.

A presiding judge properly may refuse to make a ruling based on a fragmentary
portion of the evidence.

*It seems,* that, where a record of conviction of a crime is offered in evidence to im-
peach the credibility of a witness, the mere fact that the name of the person con-
victed is the same as that of the witness does not make the record admissible
without corroborating evidence of identity.

At a trial of an action of tort for personal injuries from being run into by an auto-
mobile of the defendant by reason of the negligence of the defendant's servant
who was driving the automobile, such driver being absent from the Common-
wealth, an agreed statement of what his testimony would be was admitted in
evidence.   To impeach the credibility of such driver as a witness, the plain-
tiff offered in evidence the record of a conviction less than a year before the
accident of a person of the same name for operating an automobile while under
the influence of intoxicating liquor.   In this record the person convicted was de-
scribed as of the city in which the accident occurred, and the court in which
he was convicted was near that city, and it appeared that the garage in
which the automobile operated by the defendant's driver was kept was in

the same city. *Held,* that the circumstances shown combined with the identity of name warranted an inference that the court record applied to the defendant's driver, and accordingly that such record was admissible to impeach his credibility as a witness.

Tort for personal injuries sustained by the plaintiff on November 12, 1909, from being struck by an automobile of the defendant on Cambria Street in Boston. Writ in the Municipal Court of the City of Boston dated December 2, 1909.

On appeal to the Superior Court the case was tried before *Fox,* J. The material facts are stated in the opinion.

At the close of the evidence the defendant asked the judge to make, among others, the following rulings:

"1. On all the evidence the plaintiff cannot recover.

"2. There was no evidence that the plaintiff was in the exercise of due care."

"6. If the plaintiff, in the excitement of play, started and ran across the street, without looking or listening or taking any precautions to determine whether the street was then being used by other travellers, the plaintiff cannot recover in this action."

"9. To dodge or run rapidly into an approaching automobile while engaged in play without taking any precautions to ascertain the approach of vehicles or to avoid danger constitutes negligence as a matter of law."

"13. Upon all the evidence in this case the plaintiff's mother was not exercising due care for the protection of the plaintiff who was in her care, and her lack of care bars the plaintiff from recovering in this action."

The judge refused to make any of these rulings. In his charge to the jury the judge gave the following instruction regarding the record of conviction of "Herbert C. Brown of Boston," the admission of which in evidence is described in the opinion:

"And now I will refer to the record which has been introduced, showing that Brown has been convicted of crime — violation of the automobile laws. That record is introduced because, no matter how serious the offense is, conviction can be produced in evidence to impeach the veracity of a witness, and the testimony of Brown was admitted, as you remember it was admitted in the form of the affidavit of his counsel as to what he would testify to if he were here; and so his testimony is before you to weigh — it is

for you to determine what weight that testimony — what value you will place upon it; and in connection with that question you have the record of his conviction for some offense. That is the only purpose for which that was admitted."

The jury returned a verdict for the plaintiff in the sum of $450. The defendant alleged exceptions to the refusal of his requests for the rulings quoted above, to the charge of the judge so far as it was inconsistent with the rulings so requested, and "to so much of the charge as authorized the jury to consider the record of conviction above mentioned as affecting the credibility of Herbert C. Brown; this objection was solely on the ground that the record had been wrongly admitted in evidence, it being conceded that this part of the charge was proper if the record was rightly admitted."

*W. H. Hitchcock,* for the defendant.

*H. S. Davis,* for the plaintiff.

RUGG, C. J. This is an action of tort to recover for personal injuries.

1. There was evidence tending to show that the plaintiff, who in November, 1909, was four years and ten months old, lived with his parents at 23 Cambria Street in Boston. He was a boy of average brightness and had attended kindergarten for several months. He had been out on the street most of the afternoon after two o'clock, his mother having warned him to keep on the sidewalk. She went to the window several times to watch him. About five o'clock he came into the house, but went out again, playing with two other children, and in a few minutes was injured by an automobile of the defendant driven by his servant. Cambria Street was short, mostly occupied by automobile repair shops, and about twenty feet wide between sidewalks, each of which was five feet wide. Many automobiles passed, and the plaintiff's mother testified that "before five o'clock there were generally quite a number of automobiles lined up along the sidewalk for repairs; just about five o'clock, when the shops were all closing, the streets were practically cleared." It was a question of fact whether on this evidence the mother was in the exercise of due care. It reasonably could not be expected that she should keep a boy of the plaintiff's years in the house continuously, and there was no yard or other place for him to go except into the high-

way. Nor could she be required constantly to watch him while out of doors. It was a narrow street, and although used much for automobiles, the conditions were such that she might anticipate fairly that they would not be driven at great speed. A boy of the plaintiff's years, intelligence and experience might be permitted by his parents under these circumstances to be upon the street without other attention than this mother was able to give by going to the window to look at reasonable intervals while about her household duties. Requests 1 and 13 of the defendant were denied rightly. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Ingraham* v. *Boston & Northern Street Railway,* 207 Mass. 451. *McNeil* v. *Boston Ice Co.* 173 Mass. 570.

2. There was evidence enough to support a finding that the plaintiff used such care as in reason could be expected of a child of his age under like conditions. There was testimony to the effect that he with two other children were in a shop across the street from his home when a man in charge "chased him out" and spoke to the children sharply, telling them with emphasis to leave the place. Thereupon, he with the others ran across the street, and when almost at the farther sidewalk was struck by the defendant's automobile. Other evidence would have supported the finding that the plaintiff with his companions in playing some game were running down a runway leading into the shop, and that he followed one of the others across the street, and was struck when he had nearly reached the opposite sidewalk. There was testimony that several automobiles were standing at the curb nearby. It was undisputed that he ran across the street, and his speed was estimated at about four miles an hour. There were various estimates of the speed of the automobile, the highest being eighteen miles an hour. One witness said that he did not think the horn of the automobile was blown as it came down the street. Under all these circumstances, the conduct of the plaintiff cannot be pronounced careless, as matter of law. The defendant's second request could not have been given. *Donovan* v. *Bernhard,* 208 Mass. 181. *Gray* v. *Batchelder,* 208 Mass. 441. *Lynch* v. *Fisk Rubber Co.* 209 Mass. 16. *Shapleigh* v. *Wyman,* 134 Mass. 118.

3. The negligence of the defendant's servant in charge of the automobile also was for the jury. The speed at which it was

driven, the narrow and obstructed street, the duskiness of closing day, the testimony that no horn was blown and other circumstances constituted substantial evidence in support of the proposition which the plaintiff was obliged to maintain. *Norris* v. *Anthony,* 193 Mass. 225. *Rogers* v. *Phillips,* 206 Mass. 308. *Banks* v. *Braman,* 188 Mass. 367.

4. No error is shown in the refusal to grant the sixth and ninth requests presented by the defendant. They related to fragmentary portions of the evidence with which the judge could not be required to deal specifically. The charge was comprehensive and accurate on the issues presented. *Bourne* v. *Whitman,* 209 Mass. 155, 164.

5. The defendant's chauffeur in charge of the automobile at the time of the accident, whose name was Herbert C. Brown, being absent from the Commonwealth at the time of the trial, by agreement a statement of what his testimony would be, if he were present, was read to the jury. Thereafter, against the objection and exception of the defendant, as affecting the credit to be given to this statement the plaintiff introduced in evidence a certified copy of the record of the District Court of Northern Norfolk, which showed that "Herbert C. Brown of Boston" was convicted on January 27, 1909, of operating an automobile while under the influence of intoxicating liquor and was fined $25. There was no special evidence to identify the person mentioned in the record with the defendant's chauffeur other than whatever reasonable inference might be drawn from other facts. There is nothing in the record to indicate the residence of the defendant's chauffeur, except that his employer had a house in Brookline, and that he himself was the driver of an automobile kept at a garage in Boston. The statement has been made broadly that identity of name is sufficient evidence to warrant the inference of identity of person.[*] In many, if not all of these cases, there will be found facts which supplement the identity of name as ground for drawing the in-

---

[*] *Hatcher* v. *Rocheleau,* 18 N. Y. 86, 92, 96. *State* v. *Court,* 225 Mo. 609, 615. *State* v. *Le Pitre,* 54 Wash. 166. *Boyd* v. *State,* 150 Ala. 101. *State* v. *Loser,* 132 Iowa, 419, 426. *Bayha* v. *Mumford,* 58 Kans. 445. *Colbert* v. *State,* 125 Wis. 423. *State* v. *Lashus,* 79 Maine, 504. *Regina* v. *Levy,* 8 Cox C. C. 73. *Sewell* v. *Evans,* 4 Q. B. 626. *Clifford* v. *Pioneer Fire-Proofing Co.* 232 Ill. 150, 154. 16 Cyc. 1055, and cases there collected.

ference that the same person is meant. That is true of *Dolan* v. *Mutual Reserve Fund Life Association,* 173 Mass. 197, and *Commonwealth* v. *Hollis,* 170 Mass. 433. In *Commonwealth* v. *Norcross,* 9 Mass. 492, it was said respecting identity of name in a certificate of marriage with one charged in the indictment that testimony was necessary "to prove the identity of parties." In *Commonwealth* v. *Briggs,* 5 Pick. 429, it was held that identifying evidence was required. See also *Wedgwood's case,* 8 Greenl. 75; *Snowman* v. *Mason,* 99 Maine, 490; *Mooers* v. *Bunker,* 29 N. H. 420, 431; *Stebbins* v. *Duncan,* 108 U. S. 32, 47.

In *Bogue* v. *Bigelow,* 29 Vt. 179, 183, identity of name was held *prima facie* evidence of identity of person in tracing title to real estate, but it was said by Redfield, C. J., that "in cases involving a charge of crime, when presumptions of innocence are allowed to prevail over presumptions of identity from mere identity of names, some further proof is often required." It has been held by the weight of authority that where previous conviction of a crime is an essential element of a crime charged, mere identity of name is not enough to sustain the burden of proof beyond reasonable doubt. *State* v. *Adams,* 64 N. H. 440. *People* v. *Price,* 2 N. Y. Supp. 414, 416, affirmed on opinion below in 119 N. Y. 650. *State* v. *Smith,* 129 Iowa, 709. *Bandy* v. *Hehn,* 10 Wyo. 167, 174. Russ. on Crimes, (7th Eng. ed.) 2135 and cases cited.

The good name of a witness is precious to him. It is important in the administration of justice that his credibility should not be made the subject of adverse comment without some foundation in evidence. In the light of our decisions and of these principles, bald identity of name without confirmatory facts or circumstances is not enough to indicate identity of person. But in the case at bar such facts and circumstances were present. The record was of a crime which could have been committed in all probability only by one competent to operate an automobile, a class few in number compared with the entire population, but to which the defendant's employee belonged. The person convicted was described as of Boston, and the offense was committed and the conviction had in the vicinity of Boston, within less than a year before the accident in question, which occurred in Boston and near a garage where the automobile operated by the defendant's servant was kept. It would have been a warrantable conclusion

that the defendant's chauffeur lived in or near Boston. These circumstances together with identity of name were enough to warrant an inference that the court record applied to the defendant's servant.

Of course it was an inference of fact which the jury alone could draw. But the only exception saved was to the admission in evidence of the copy of the record, and it is conceded expressly in the exceptions that "the charge was proper if the record was rightly admitted."

*Exceptions overruled.*