ELLA E. MURPHY, administratrix, *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    October 2, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, Causing death.  *Evidence,* Presumptions and burden of proof.

In an action under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, by an administrator against a street railway company for causing the death of the plaintiff's intestate after St. 1914, c. 553, was in effect, where the plaintiff's evidence tends to show that the plaintiff's intestate was run over and killed by a street railway car of the defendant when he slowly had driven with a disc harrow, which made a "terrible noise," upon the defendant's tracks from an intersecting driveway, St. 1914, c. 553, requires that, if there is evidence of negligence of the defendant, the question whether the plaintiff was actively in the exercise of due care should be submitted to the jury.

In the case above described, there also was evidence that the motorman of the approaching car had an unobstructed and continuous view of the street from a point seven hundred and eighty-five feet distant from the place of collision, that no gong was rung or whistle sounded, and that the car struck the harrow just back of the horses, broke the pole, bent the brace and the seat upon which the intestate was sitting, ran over him and carried his body a distance of over one hundred and five feet before it was stopped, and it was *held* that the question, whether the motorman was negligent, was for the jury.

TORT against a street railway corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, for causing the death on May 23, 1914, of the plaintiff's intestate under the circumstances described in the opinion.  Writ dated July 14, 1914.

In the Superior Court the case was tried before *Dana,* J.  The material evidence is described in the opinion.  At the close of the

plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. H. Meagher,* (*E. Zaeder* with him,) for the plaintiff.

*C. C. Milton,* (*J. M. Thayer & F. L. Riley* with him,) for the defendant.

BRALEY, J.   The question of the due care of the plaintiff's intestate was for the jury.   St. 1914, c. 553.   *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401.

We also are of opinion that there was evidence for the consideration by the jury of the defendant's negligence.   The accident happened in broad daylight, and they would have been warranted in finding that the defendant's motorman from a point seven hundred and eighty-five feet distant from the place of the collision had an unobstructed, continuous view of the street and of the intersecting driveway over which the slowly moving disc harrow drawn by two horses and driven by the intestate was passing making a "terrible noise" as it approached the track.   It was open to them to find further that as the car approached no gong was rung or whistle sounded, and that its momentum or speed was such that upon striking the harrow just back of the horses the pole was broken, the brace and seat whereon the intestate was riding were bent, his body was run over, mangled "and carried a distance of over one hundred and five feet and less than one hundred and twenty feet" before the car stopped.   The motorman was bound to use ordinary care to avoid coming into collision with other travellers lawfully using the public ways, with whom the intestate must be classed.   If under all the conditions the jury were satisfied that by the use of due diligence the motorman should have seen the team coming down the driveway on to the track, and that by slackening speed or by giving warning of the approach of the car or by application of the brakes, the accident could have been averted, the defendant is responsible in damages for the negligence of its servant.   *Horsman* v. *Brockton & Plymouth Street Railway,* 205 Mass. 519, 523.   *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159.   *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100, 101, 102, and cases cited.

*Exceptions sustained.*