MARY J. BURNS, administratrix, *vs.* OLIVER WHYTE COMPANY, INCORPORATED.

Middlesex.   November 20, 25, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence*, Contributory, Causing death, In use of highway.

At the trial of an action by the administratrix of the estate of a teamster for causing the death of the plaintiff's intestate by running over him with a motor truck after the enactment of St. 1914, c. 553, there was evidence that, at the time when he was run into, the teamster, having loaded a wagon with crushed stone in the yard of a contractor, with his back to a public way was leading the horses of the team by the bridles, because they were restless, from weighing scales into the street; that just as he, at the horses' heads, had about reached the nearer gutter of the public way, he was struck by the motor truck, which was approaching from his right without warning and at the rate of about twenty miles an hour and was "hugging" the gutter on that, its right, side of the way, that he was pulled from the horses, turned around, and was caused to fall under the right hand rear wheel of the truck and was killed. *Held,* that the evidence did not warrant a ruling that the burden of proving contributory negligence, placed on the defendant by St. 1914, c. 553, had been sustained, and that a finding that the plaintiff's intestate was in the exercise of due care was warranted.

At the trial of the action above described, there was further evidence that the day was clear, that the driver of the defendant's motor truck had a clear view of the plaintiff's intestate for from five hundred to six hundred feet, that the truck was running at a speed of twenty miles an hour and that no warning was given of its approach, and it was *held* that a finding that the defendant's driver was negligent was warranted.

TORT, by the administratrix of the estate of Edward L. Kelley, for his conscious suffering and death alleged to have been caused by negligence of employees of the defendant in running over him with a motor truck on Mystic Avenue in Somerville on November 21, 1916. Writ dated March 5, 1917.

In the Superior Court the case was tried before *J. F. Brown,* J. A verdict was ordered for the defendant on the count for conscious suffering. At the close of the evidence the defendant moved for a verdict on the count for causing death on the ground that on all the evidence the plaintiff was not entitled to recover. The motion was denied. The jury found for the plaintiff on that count in the sum of $6,833. The defendant alleged exceptions.

*H. S. Avery,* for the defendant, submitted a brief.

*R. W. Frost,* for the plaintiff.

BRALEY, J. The action is tort for conscious suffering and death of the plaintiff's intestate who was struck and instantly killed by a motor truck operated by an employee of the defendant. A verdict for the defendant was ordered on the count for conscious suffering, but, the jury having found for the plaintiff on the count for death, the case is before us on the defendant's exceptions to the refusal of the trial judge to rule that on all the evidence the plaintiff as matter of law was not entitled to recover.

The jury on the record would have been warranted in finding the following facts: The plaintiff's intestate, a teamster, had driven his double team into the yard of a firm of contractors who were engaged in crushing stone, and had stopped under the hopper of the crusher where his wagon was loaded with crushed stone. He then drove on to the scales located in the contractors' yard off the side of the public way to have the load weighed. The crusher was in operation and as the horses started off the platform of the scales they appeared to be restless and the intestate thereupon while standing on the ground "got hold of his pair of bridles, one in each hand" and began walking backward toward the public way, leading the horses forward, and as "he got out just about in the gutter" the motor truck came down "hugging" the edge of the gutter on that same side of the street and, without hitting the horses, "picked him right off the end of the pole," "turned him under the truck, and the right hind wheel went over his head."

It is contended there was no evidence of his due care. The count for death is under R. L. c. 171, § 2, as amended by St. 1907, c. 375, under which it has been uniformly held that evidence must be introduced that the intestate was "actively and actually" in the exercise of due diligence at the time of the injury and that proof of the absence of fault is insufficient. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467. But in all of these cases the accident happened before the enactment of St. 1914, c. 553. It was said in *Mercier* v. *Union Street Railway,* 230 Mass. 397, 404, "It is not necessary to determine whether St. 1914, c. 553, § 2, has made any change in the degree of care required in cases arising under the penalty

death statutes.   If it be assumed that the rule of *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, remains unaffected, the presumption as to due care raised by the first section of the statute is co-extensive with the requirements of that rule, for it expressly is made applicable to actions or indictments for the recovery of damages for causing death."   The section referred to in so far as material in the present case reads: "In all actions, civil or criminal, . . . the person . . . killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant."   And in *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 267, it was said: "These provisions are explicit to the effect that the due care of 'the person injured or killed' shall be presumed and that contributory negligence 'on his or her part' shall be an affirmative defence."   The burden therefore is shifted by the statute and the defendant must show contributory negligence by a greater amount of credible evidence.   *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379.   It was said in the case just cited that "It is only in comparatively rare instances that it can be ruled as matter of law that a burden of proof depending upon oral testimony has been sustained."

It does not appear whether the intestate looked in the direction from which the truck came before taking his position, but as he stood at the head of the horses he was lawfully upon the highway and had the right to assume that he would not be run into, and how far his failure to look either forward or backward evinced carelessness was for the jury.

In *Murphy* v. *Worcester Consolidated Street Railway,* 225 Mass. 264, the plaintiff's intestate with a full unobstructed view of the car track was driving a slowly moving disc harrow drawn by a pair of horses down a side street.   As he came on to the main street he was struck and killed by the defendant's car.   It was held that the question of his due care was one of fact.

In *Bailey* v. *Worcester Consolidated Street Railway,* 228 Mass. 477, the plaintiff in operating his car with only one of the side lights burning was violating the law of the road.   Yet the court say that, it could not have been ruled as matter of law that the presumption given to him by the statute had been entirely overcome.

And in *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422,

where the plaintiff was injured by being run into from behind while driving a two-horse caravan in the street, and in *Emery* v. *Miller*, 231 Mass. 243, where the plaintiffs who were pedestrians were run into by the defendant's automobile, approaching them in the rear, it was held that a failure of the injured parties to look backward was insufficient to bar recovery.

While the defendant also contends that there was no evidence of its negligence, the jury could find that on a clear day, with the intestate in plain sight for a distance of from five hundred to six hundred feet, the motor truck running at a speed of twenty miles an hour on the extreme edge of the street and without giving any warning of its approach came into collision with the intestate. It is settled that whether under such conditions the driver used due care was a question of fact. *Hennessey* v. *Taylor*, 189 Mass. 583. *Murphy* v. *Worcester Consolidated Street Railway*, 225 Mass. 264, and cases there cited.

*Exceptions overruled.*