ALBERT E. HARLOW, administrator, *vs.* WORCESTER CON-
SOLIDATED STREET RAILWAY COMPANY.

Middlesex.    March 18, 19, 1924. — April 15, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, In use of highway, Street railway.

At the trial of an action by an administrator against a street railway
company for the causing of conscious suffering and the death of the
plaintiff's intestate, there was evidence tending to show that a five ton
truck, painted a bright red color, upon which the intestate was riding
as an employee, became stalled upon the defendant's street railway on
an afternoon in December; that the plaintiff then shoveled snow from
the wheels and put chains upon the left rear wheel; that while he was
at this work, or just as he had finished it, one of the defendant's street
cars, approaching from the direction in which the truck was facing,
struck the truck in such a way as to inflict injuries upon the intestate
which resulted in his death.   There was conflicting testimony as to the
position in which the intestate was when the truck was struck, and no
evidence showing when he first saw or heard the defendant's street
car, or what opportunity he had to avoid the danger, or what he was
doing at the moment he was struck.   The street car approached on a
down grade and the truck was visible to the motorman for three hundred
feet.   There was evidence tending to show that no gong or whistle
was sounded on the street car, and that it struck the truck with great
force and proceeded beyond it for a distance of ninety feet.   *Held,* that

(1) Sufficient facts did not appear to require a ruling of law that
negligence of the plaintiff's intestate contributed to his injuries and
death;

(2) There was evidence of negligence on the part of the defendant.

TORT, by the administrator of the estate of Ernest F.
Harlow, to recover for the causing of conscious suffering
and the death of the plaintiff's intestate alleged to have been
the result of negligence of the defendant.   Writ dated March
12, 1923.

In the Superior Court, the action was tried before *J. F.
Brown,* J.   Material evidence is described in the opinion.   By
order of the judge, a verdict was entered for the defendant.
The plaintiff alleged exceptions.

*F. W. Campbell,* for the plaintiff.
*C. C. Milton,* for the defendant.

CARROLL, J. The plaintiff's intestate, Ernest F. Harlow, was in the employ of a company operating motor trucks between Boston and Worcester. On the afternoon of December 31, 1922, a five-ton truck, about twenty-one feet long, nine and one half feet high, and painted a bright red color (upon which the plaintiff's intestate was employed as a helper), while moving from Boston to Worcester in the town of Northborough and proceeding to ascend a hill at a grade of about six per cent, skidded, backed down and stopped with the left rear wheel of the truck on the car rail, the truck facing toward Worcester. The plaintiff's intestate then shoveled the snow from the wheels and proceeded to put chains on the left rear wheel. While at this work, or just as he had finished it, one of the defendant's cars moving toward Boston struck the motor truck in such a way that Harlow received injuries which resulted in conscious suffering and death.

The driver of the motor truck testified that the plaintiff's intestate was putting the chains on the left hand rear wheel when the accident occurred; that at the time of the collision the witness was in the act of getting into the truck and Harlow " was taking the shovel out from under where he was working on it and getting ready to come along." He also testified " when he last saw Harlow before the accident he was right in front of the left rear wheel; that he was then crouched down like this (indicating) and he was facing toward Northborough the way the car was coming." It further appeared from his testimony that, after he saw Harlow, the witness went toward the cab of the truck, and in " about a minute " from the time he saw Harlow " crouched . . . under the car . . . to get the shovel . . . near that rear wheel," the collision took place; " that after both vehicles came to a stop, Harlow was under the front wheels of the truck." In answer to the interrogatory, " Where was the plaintiff's intestate with reference to the truck when the motorman first saw him after the motorman left his car ? " the defendant replied, " On his knee near edge of truck, near rear and facing the car." There was no evidence showing what Harlow was doing at the instant he was

struck. There was evidence that no signal by whistle or gong was given by the approaching car; that the truck could have been seen for a distance of three hundred feet; that Harlow had been employed on motor trucks running between Worcester and Boston for some time previous to the accident; and that the motor of the truck was running while it was standing on the track.

Considering these facts, and the weight to be given them, together with the conflict in the evidence as to the position in which the deceased was when struck, and the want of evidence showing when he first saw or heard the car and what opportunity he had to avoid the danger, in our opinion sufficient facts do not appear to show his lack of care so that a verdict could be directed for the defendant on this point. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Dube* v. *Keogh Storage Co.* 236 Mass. 488. *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519, 521.

There was evidence of the defendant's negligence. The jury could have found that in approaching the grade the motorman did not have his car under proper control; that he could have seen the truck for three hundred feet; that he struck it with great force and proceeded beyond the truck for a distance of ninety feet; that no gong or whistle was sounded. Without referring in detail to all the testimony relied on by the plaintiff to establish the defendant's negligence, we think there was evidence for the jury on this question. *Breen* v. *Boston Elevated Railway*, 211 Mass. 519. *Mercier* v. *Union Street Railway*, 230 Mass. 397.

*Exceptions sustained.*