ELSIE M. McCOY, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     January 15, 1924. — May 19, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Of child, Contributory, In use of highway.

At the trial of an action by an administratrix against a street railway company for the negligent causing of the death of the plaintiff's intestate, who, at the age of four years and seven months, was struck and killed by a street car of the defendant on a public highway in a city, there was evidence tending to show that the boy started to cross the street on which the defendant's tracks were and had one foot on the track when he was struck; that he " had no chance to cross the street; " that " he started to walk across the street and kept right on until the car struck him; " that before the accident an automobile was upon the highway and the boy was prevented from returning by the automobile passing behind him. *Held*, that it could not be said that the only rational inference from the evidence was that the boy had failed to exercise due care; and that the question of his due care was for the jury.

TORT by the administratrix of the estate of Robert G. McCoy for the negligent causing of the death of the plaintiff's intestate. Writ dated April 15, 1920.

In the Superior Court, the action was tried before *Sisk*, J. Material evidence is described in the opinion. At the close of the evidence, the parties stipulated that the case should be submitted to the jury, and, if a verdict was returned for the plaintiff, the verdict was to be set aside and the case

reported to this court.   There was a verdict for the plaintiff in the sum of $1,500, which the judge set aside and reported the case in accordance with the stipulation of the parties.

The case was argued at the bar in January, 1924, before *Rugg*, C.J., *DeCourcy, Pierce, Carroll, & Wait,* JJ., and was afterwards submitted on briefs to all the Justices.

*T. J. Shea,* for the plaintiff.

*J. P. Carr,* for the defendant.

Carroll, J.   This is an action of tort to recover damages for the death of the plaintiff's intestate, Robert G. McCoy, a boy four years and seven months old, who was struck and killed by one of the defendant's cars on a public highway in Somerville.   " The plaintiff did not rely upon the custody of the parents, but solely upon the boy's own care."   The case was submitted to the jury under instructions to which no exception was taken.   The jury found for the plaintiff, and the case was reported to this court under the stipulation that if the plaintiff was entitled to go to the jury, judgment is to be entered for the plaintiff; otherwise, judgment is to be entered for the defendant.

One of the plaintiff's witnesses testified that when he first saw the boy he was standing near the sidewalk; that " then the boy started to cross the street, and he just got one foot on the track and he was struck; " that " he had no chance to cross the street; " that " he started to walk across the street and kept right on until the car struck him; " that " he kept walking all the time."   He further testified that before the accident an automobile was upon the highway going toward Boston; " that the boy kept going forward, and was prevented from returning by an automobile passing behind him."   In these circumstances in the opinion of a majority of the court the boy's due care was a question of fact for the jury; and it could not be said that the only rational inference from all the evidence was that he failed to exercise due care.   The case is governed by *Mercier* v. *Union Street Railway,* 230 Mass. 397, *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519, 521.   *Blood* v. *Ansley,* 231 Mass. 438, 442.   *Harlow* v. *Worcester Consolidated Street Railway,* 248 Mass. 572.

There was evidence for the jury on the question of the negligence of the defendant's motorman. According to the report judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*