JAMES B. BRENNAN, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    October 18, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of person in charge of child, Of child, Contributory, Street
railway.

At the trial of an action of tort against a street railway company for causing
conscious suffering and the death of a boy who when injured was four
years and ten months of age, there was evidence that before the acci-
dent the boy was playing in the yard in the rear of a three-family
tenement house on the top floor of which he lived; that his mother was
in the tenement attending to her household duties and could "hear
the children . . . playing"; "that it wasn't any more than a moment
from the time that she last saw him until she missed his voice," looked
and did not see him in the yard, and, running down stairs, found he was
injured; that he never had been in the street alone before, had been
warned never to leave the yard, and had always obeyed his mother and
followed her instructions.    *Held,* that a finding was warranted that the
mother was free from fault.

At the trial of the action above described, there was evidence that the boy
first was seen on the street on "the left hand side on the sidewalk";
that he started to cross the street, "going slowly across the street,"
when he was struck.    *Held,* that

(1) A finding was warranted that the boy was capable of exercising
care for his own safety; the burden of proving him guilty of contributory
negligence was upon the defendant;

(2) There was evidence upon which it could have been found that
the boy exercised the degree of prudence to be expected of a child of
his years.

At the trial of the action above described, there was evidence that the
street car was moving from twelve to fifteen miles per hour and a wit-
ness testified that he first saw the child seventy-five feet from the car;
that the car continued to move at the same rate of speed until the
time of the collision; "that he didn't see the motorman do anything
. . . after it hit the child the car went about fifteen feet."    *Held,* that
the question, whether the motorman was negligent, was for the jury.

TORT for causing conscious suffering and the death of
Matthew J. Brennan, the plaintiff's intestate.    Writ dated
April 18, 1924.

In the Superior Court, the action was tried before *Law-
ton,* J.    Material evidence is stated in the opinion.    At the

close of the evidence, the defendant moved that a verdict be entered in its favor. The motion was denied. The jury found for the plaintiff on a count for conscious suffering in the sum of $3,000, and on a count for causing death in the sum of $5,600. The defendant alleged exceptions, which, after the resignation of *Lawton*, J., were allowed by *Morton*, J.

*A. E. Pinanski*, for the defendant.

*M. C. Kelleher*, for the plaintiff.

CARROLL, J.   The plaintiff's intestate, four years and ten months old, was struck and killed by one of the defendant's cars on Warren Street, Roxbury. The boy's mother testified that she lived in the top apartment in a three-family house; that the family consisted of her husband, the intestate and four children older than the deceased, and one child who was younger; that the deceased was playing in the yard at the rear of the house; that from her tenement she could hear "the children . . . playing"; that the back of the yard was fenced, but there was no fence between her yard and the yard adjoining; "that it wasn't any more than a moment from the time that she last saw him until she missed his voice"; that when she failed to hear the child's voice, she then looked in the yard and in front of the house, and as she did not see him she then ran down stairs and learned that he was hurt. She further testified that the boy had never been on the street alone prior to the day of the accident; that she had warned him never to leave the yard and he had always obeyed her and followed her instructions.

On this evidence the jury could have found that the mother was free from fault and, under all the circumstances disclosed, was in the exercise of proper care. She was attending to her household duties, but was at the same time looking out for the safety of her child. The fact that without her knowledge he went upon the street does not show as matter of law that she was careless. *McNeil* v. *Boston Ice Co.* 173 Mass. 570. *Ingraham* v. *Boston & Northern Street Railway*, 207 Mass. 451. *Ayers* v. *Ratshesky*, 213 Mass. 589. *Coldiron* v. *Worcester Consolidated Street Railway*, 253 Mass. 462.

The intestate was four years and ten months old; "he was

a smart young one, like an ordinary child of his age." According to one witness the intestate was first seen on the "left hand side on the sidewalk"; he started to cross the street "going slowly across the street." There was evidence upon which it could have been found that he exercised the degree of prudence to be expected of a child of his years. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Ayers* v. *Ratshesky, supra. Direnski* v. *Eastern Massachusetts Street Railway,* 244 Mass. 313. *McDonough* v. *Vozzela,* 247 Mass. 552, 555, 556. *McCoy* v. *Boston Elevated Railway,* 249 Mass. 12. *Clark* v. *Martin, ante* 60.

As the jury could have found that the deceased was capable of exercising care for his own safety, the presumption was that he was careful and the burden was on the defendant to show the contrary. See *Mercier* v. *Union Street Railway,* 234 Mass. 85, 89. His care was for the jury to decide.

There was also evidence to show that the car was moving at the rate of from twelve to fifteen miles an hour; that at a distance of seventy-five feet from the car the intestate could have been seen. One witness testified that he first saw the child seventy-five feet from the car; that the car continued to move at the same rate of speed until the time of the collision; "that he didn't see the motorman do anything . . . after it hit the child the car went about fifteen feet." There was evidence that the boy could have been seen by the motorman and that nothing was done to lessen the speed of the car until the child was struck. Much of this evidence was controverted. A number of witnesses testified that the boy was running across the street; that he came from the right-hand side of the street and not from the left; that the motorman did everything possible to avoid the collision. The question of the motorman's negligence, however, was one of fact and we cannot say there was no evidence for the consideration of the jury. They could have found that seeing a boy of his years walking toward the car track, it was an act of negligence for the motorman to continue at the same rate of speed until the boy was struck. *Leonard* v. *Fowle,* 255 Mass. 531. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272.

*Exceptions overruled.*