HENRY ROBERGE, administrator, *vs.* GEORGE M. FOLLETTE.

Bristol.     October 24, 1927.— November 28, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Of person in charge of child, Motor vehicle, In use of highway.

At the trial of an action of tort for causing the death of a girl four years and three months of age, there was evidence that she had been permitted by her mother, who was washing clothes in the basement of her home, to play in the front yard with her brother seven years of age; that the mother had told both children to stay in the yard; that the yard, without a sidewalk or fence between, fronted on a country road twenty to twenty-two feet wide and not much travelled at the time; that the children went upon the road to an ice truck about five or six minutes after the mother had seen them playing in the yard; that the girl was proceeding in the middle of the road about forty feet ahead of the truck when she was struck by an automobile, driven by the defendant from behind the truck without sounding a warning signal and at the rate of twelve to fifteen miles an hour; that the accident happened in midafternoon; and that there was nothing to obstruct the defendant's view. The jury were instructed, without objection by the defendant, that the girl was too young to be capable of exercising due care. There was a verdict for the plaintiff. *Held*, that

   (1) There was evidence warranting a finding that the mother was exercising due care;

   (2) Whether the brother was in charge of the girl and was in the exercise of due care were questions for the jury;

   (3) There was evidence warranting a finding that the defendant was negligent.

Tort for causing the death of Alice Roberge, the plaintiff's intestate, who was struck by an automobile driven by the defendant on September 6, 1924. Writ dated October 1, 1924.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. The defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*A. E. Yont,* (*E. A. Martin* with him,) for the defendant.

*D. R. Radovsky,* (*H. W. Radovsky* with him,) for the plaintiff.

Carroll, J. This is an action of tort for the death of the plaintiff's intestate, which resulted from injuries received when she was struck by an automobile driven by the defendant.

The intestate, Alice Roberge, was four years and three months old at the time of the accident, which happened on County Street, in a suburb of Fall River, where her home was located. The yard of her home extended from the house to the highway, with no fence or sidewalk between. The mother of Alice testified that at the time of the accident she was in the basement of the house, washing clothes; that she had three children and did "all her work herself"; that "her husband had to depend upon his daily earnings"; that she saw the two children playing in the yard five or six minutes before the accident; that "she had always told them to play in the yard and to stay in the yard." She also testified that County Street was a country road and not much travelled at the time; that she did not know the children had been on the street. Joseph H. Roberge, the brother of Alice who was with her when she was injured, was at the time about seven years of age. He testified that he had been playing with his sister in the yard; that they both went to an ice truck on the road to get a piece of ice; that he went "in back of the truck and his sister was also there in back of the truck"; that "when he jumped off she was in the middle of the road; that when he saw her in the middle of the road he called to her, and when he called to her the machine hit her"; "that he and his little sister were the only ones behind the truck"; "that he heard no horn"; that when he saw her she was in

the center of the highway and in front of the ice truck. The driver of the ice truck testified that he saw Alice and her brother in the rear of the truck; that he got into the truck and heard the brakes applied to the defendant's automobile and saw the right rear wheel of the automobile go over the child's body; that from the time he saw her in the rear to the time of the accident, two or three seconds elapsed; that when struck she was about "forty feet ahead of the truck," which was facing south, and the automobile was travelling in the same direction; that he heard no horn, and "until he heard the squeaking of the brakes he did not know that an automobile was coming"; that the road was twenty to twenty-two feet wide; that when the automobile stopped, the intestate was fifteen feet "behind the machine"; that there were no other children in the highway; that the accident happened about two or three o'clock in the afternoon and there was nothing to obstruct the view of an automobile coming "from the direction whence the defendant was coming."

The jury could have found that the mother, under the circumstances shown, was careful. It was not careless as matter of law for her to leave her girl and boy at play in the yard while she attended to her household duties. They were instructed by her not to leave the yard. The highway in front of the house was not much travelled and she saw them in the yard five or six minutes before the accident. *McNeil v. Boston Ice Co.* 173 Mass. 570. *Butler* v. *New York, New Haven & Hartford Railroad,* 177 Mass. 191, 192. *Ingraham v. Boston & Northern Street Railway,* 207 Mass. 451. *Ayers v. Ratshesky,* 213 Mass. 589. *Coldiron* v. *Worcester Consolidated Street Railway,* 253 Mass. 462.

If the jury found that the intestate was in the care of her brother Joseph, his care in looking out for the safety of his sister was a question of fact. He was supposed to use the care of the ordinary boy of his years. There is very little evidence bearing on this point, but in our opinion there is some evidence tending to show that the intestate was in the care of her brother. *Butler* v. *New York, New Haven & Hartford Railroad, supra. Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Dowd* v. *Tighe,* 209 Mass. 464. *Clark*

v. *Martin, ante,* 60.   The judge instructed the jury to the
effect that Alice was too young to be capable of exercising
care.   See *Direnski* v. *Eastern Massachusetts Street Railway,*
244 Mass. 313; *McDonough* v. *Vozzela,* 247 Mass. 552, 555,
556; *McCoy* v. *Boston Elevated Railway,* 249 Mass. 12;
*Clark* v. *Martin, supra.*   The record does not show that an
exception was taken to this instruction.

The defendant came on to County Street from Washington
Avenue, a distance of two hundred and fifty feet to the north
from the place of the accident.   The intestate passed from
the rear of the truck to the center of the highway and to a
point forty feet in front of the truck.   The defendant was
moving toward the south, in which direction the truck was
facing.   There was nothing to obstruct the defendant's
view.   He was going at the rate of twelve or fifteen miles an
hour when he struck the child.   There was some evidence
tending to show that the horn was not sounded.   If this
were believed, the jury could have found that the defendant
was negligent in proceeding as he did in the direction of the
child.   Even if there were no evidence that the horn was
sounded the jury could have found under all the circum-
stances shown that he could have avoided the collision.
*Creedon* v. *Galvin,* 226 Mass. 140, 142.   *Leonard* v. *Fowle,*
255 Mass. 531.   *Hicks* v. *H. B. Church Truck Service,* 259
Mass. 272.

There was evidence from the defendant directly in conflict
with some of the plaintiff's evidence.   He testified that he
blew his horn; that the intestate came in front of the truck
only two or three feet in front of his automobile; that
he didn't see her before this and immediately applied his
brakes and stopped his automobile as soon as possible.   On
the evidence for the defendant his conduct could have been
found to be that of a prudent and careful driver, that no fault
was to be attributed to him; but it was for the jury to de-
termine which account was the true one.

The motion for a directed verdict was refused properly,
and the exception to this refusal is the only exception argued
by the defendant.   The entry is to be

*Exceptions overruled.*