PAUL SAMSON *vs.* IKE ABRAMSON & another.

Bristol.    May 22, 1931. — May 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, In use of way, Of child, Of person in charge of child, Contributory, Imputed.

At the trial of an action for personal injuries sustained by a boy five and one half years of age when he was run into by a motor truck of the defendant negligently driven on a public way, there was evidence that the plaintiff and his brother, nine years of age, had been sent on an errand by their mother in charge of their aunt, a girl eleven years of age; that the girl stood on one side of the public way, thirty-two feet wide, while the boys crossed; that on the opposite side of the street were a schoolhouse and a playground; that the girl kept the boys constantly in view and had given strict instructions to the older brother not to let go of the plaintiff but to keep hold of him as they crossed the street; that after a time the older brother went with the plaintiff to the curb and, looking both ways, saw an automobile coming at a street corner about three hundred forty feet distant and gently pushed the plaintiff, telling him to go across the street to his aunt and watching him until he was almost across and "near the gutter," where he was struck; and that many children were running back and forth across the street. *Held*, that
(1) There was evidence warranting findings that the plaintiff was capable of exercising some degree of care, and that he exercised the degree of prudence to be expected of one of his years;
(2) There was evidence warranting a finding that the mother and the aunt had been alert for the plaintiff's safety.

TORT for personal injuries against copartners doing business under the name and style, New Bedford Bottling Company. Writ dated November 15, 1928.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendants that a verdict be ordered in their favor. There was a verdict for the plaintiff in the sum of $10,000. The defendants alleged exceptions.

*H. F. Hathaway*, for the defendants.

*J. Lipsitt*, for the plaintiff.

RUGG, C.J.    This is an action of tort wherein the plain-

tiff seeks to recover compensation for personal injuries sustained by reason of being knocked down on a highway by a truck of the defendant. The defendant rightly concedes that there was evidence of negligence on the part of the driver of the truck. The only question for consideration is whether there was evidence that the plaintiff or his custodians were in the exercise of the requisite degree of care.

The plaintiff at the time of the accident was five and one half years of age. On the morning in question his mother sent him with his brother, aged nine years, in charge of her sister, the aunt of the plaintiff, then aged eleven years, on an errand to the Workingmen's Club, in the city of New Bedford. The street was thirty-two feet wide from curb to curb at the place of the accident. There were a schoolhouse and a playground on the opposite side of the street. The aunt testified that she took her station near the Workingmen's Club, that the two boys went across the street to the playground, and that she kept them constantly in view while waiting on the opposite side of the street, and testified as to what she saw them doing. After a time the older brother went with the plaintiff to the curb, and looking both ways saw an automobile coming at a street corner about three hundred forty feet distant, and gently pushed him, telling him to go across the street to his aunt and watching him until he was almost across and "near the gutter." The aunt had given strict instructions to the older brother not to let go of the plaintiff but to keep hold of him as they crossed the street. There was testimony that many children were running back and forth across the street.

The case was rightly submitted to the jury. It might have been found that the plaintiff was capable of exercising some degree of care, and that he exercised the degree of prudence to be expected of one of his years. The mother and her sister, the immediate custodian of the plaintiff, manifestly might be found to have been alert for his safety all the time. The case is governed by *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37, *Ayers* v. *Ratshesky*, 213 Mass. 589, *McDonough* v. *Vozzela*, 247 Mass. 552, 556,

*Pinto* v. *Brennan,* 254 Mass. 298, *Brennan* v. *Boston Elevated Railway,* 261 Mass. 318, *Roberge* v. *Follette,* 261 Mass. 438, and *Jean* v. *Nester,* 261 Mass. 442. The case is quite distinguishable from decisions like *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472, where the custodian failed to exercise the requisite degree of care.

*Exceptions overruled.*