ROCCO PIANTEDOSI *vs.* FLORENCE H. BASSETT.

Middlesex.    May 11, 1932. — May 20, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Of person in charge of child, In use of way.

At the trial of an action for personal injuries by a child four years and
seven months of age against the operator of an automobile which ran
into him as he was crossing a street, there was evidence that the plain-
tiff had been placed in the custody of a woman who was a neighbor
across the street from his home; that the custodian, in order that the
plaintiff might cross the street to his own home where his adult brother,
who had called to him, was waiting, walked with him down some stairs
and steps and across a platform to a flight of steps leading to the public
sidewalk, looked both ways, being able to see a distance of approxi-
mately two hundred thirty feet in the direction from which the defend-
ant came, and, seeing no traffic in the street, directed the plaintiff to
cross; that as the plaintiff was walking down the banking that led to
the street, the custodian slowly returned toward her house with her
back to the street; and that, shortly thereafter hearing a cry, she looked
around and saw the plaintiff in the middle of the street in the arms of
his brother. It having been found that the plaintiff was not of an age
to be capable of exercising care for his own safety, it was *held,* that it
could not properly have been ruled as matter of law that the custodian
of the plaintiff was lacking in due care.

TORT for personal injuries. Writ dated January 9, 1929.
In the Superior Court, the action was tried before *C. H.
Donahue,* J. Material evidence is stated in the opinion. A

verdict for the plaintiff in the sum of $3,000 was recorded subject to leave reserved under G. L. c. 231, § 120. The judge thereafter denied a motion by the defendant that a verdict be entered in her favor, and reported the action for determination by this court.

*R. Gallagher,* for the defendant.

*F. J. McNamara,* (*C. A. Higley* with him,) for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries sustained on a clear September afternoon by the plaintiff, then four years and seven months old, by being run down on the street in front of his home by an automobile owned and operated by the defendant. His mother had left him in the custody of a neighbor who lived on the second floor of a house situated diagonally opposite the house where the plaintiff lived. There was testimony tending to show that the plaintiff wished to cross the street to his own home where his adult brother who had called to him was waiting. The plaintiff asked the permission of his custodian to cross the street to his brother. She thereupon took him down stairs, walked down some wooden steps and across a platform to a flight of stone steps leading to the sidewalk. She looked both ways, being able to see a distance of approximately two hundred thirty feet in the direction from which the defendant came, and seeing no traffic in the street directed the plaintiff to cross. As he was walking down the banking that led to the street, she slowly returned toward her house with her back to the street. When she reached the top wooden step, hearing a cry she looked around and saw the plaintiff in the middle of the street in the arms of his adult brother. The adult brother, having called for the plaintiff, watched him as he crossed the street. He could see in the direction from which the defendant came two hundred thirty feet. As the plaintiff was running across the street the adult brother saw the defendant coming from his right at a high rate of speed. It was conceded that there was evidence to support a finding of negligent operation of her automobile by the defendant. In answer to questions submitted to them, the jury found that the plaintiff was not of an age

and capacity to exercise care for his own safety in crossing the street and that his custodian had exercised the care of an ordinarily prudent person in the circumstances.

It could not have been ruled as matter of law that the custodian of the plaintiff was lacking in due care. Having satisfied herself by observation that there was no automobile immediately approaching, she sent him across the street to an older brother who was expecting him, watching him and waiting to receive him. This conduct cannot be pronounced negligent as matter of law. The question of her due care was for the jury. *Wiswell* v. *Doyle,* 160 Mass. 42. *Grella* v. *Lewis Wharf Co.* 211 Mass. 54. *McDonough* v. *Vozzela,* 247 Mass. 552. *Samson* v. *Abramson,* 275 Mass. 477, and cases cited. See *Sullivan* v. *Chadwick,* 236 Mass. 130. The case is distinguishable from *Callahan* v. *Bean,* 9 Allen, 401, where it appears that the custodian of the child had practically abandoned supervision of the child. It is distinguishable also from other cases, relied on by the defendant, such as *Garabedian* v. *Worcester Consolidated Street Railway,* 225 Mass. 65, and *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472. In accordance with the terms of the report, the entry may be

*Judgment on the verdict.*